**Brad T. Summers**, OSB No. 911116
tsummers@balljanik.com
**Mathew W. Lauritsen**, OSB No. 083949
mlauritsen@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon  97204-3219
Phone: 503-228-2525
Fax: 503-295-1058
    Attorneys for PremierWest Bank

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Pioneer Village Investments, LLC**, an Oregon limited liability company,<br><br>Debtor. | Case No. 10-62852-fra11<br><br>**PREMIERWEST'S REPLY TO DEBTOR'S RESPONSE TO MOTION OF PREMIERWEST BANK FOR ORDER DETERMINING THAT DEBTOR'S REAL PROPERTY IS SINGLE ASSET REAL ESTATE** |

PremierWest Bank ("PremierWest") submits the following reply to the Debtor's Response to Motion for Order Determining that Debtor's Real property is Single Asset Real Estate (the "Response").

The Debtor asserts that PremierWest's motion should be denied as "premature… because there is no allegation that [monthly interest payments] are not being made, nor that a plan capable of confirmation was not filed."  Response, p. 1.  However, PremierWest's motion is not premature.  PremierWest is entitled to the relief sought.

///

///

Page 1 -  **PREMIERWEST'S REPLY TO DEBTOR'S RESPONSE TO MOTION FOR ORDER DETERMINING THAT DEBTOR'S REAL PROPERTY IS SINGLE ASSET REAL ESTATE**

**A.    PremierWest's Motion is not Premature.**

A creditor may seek a judicial determination with regard to the applicability of 11 U.S.C. § 101(51B) and 11 U.S.C. § 362(d)(3). This determination may be sought prior to either the Debtor's failure to make required monthly payments, or the Debtor's failure to file a confirmable plan within ninety days after the petition date.

Under 11 U.S.C. § 362(d)(3), "the court shall grant relief" from the automatic stay in the event that (1) the debtor fails to make monthly payments or (2) fails to file a confirmable plan within the later of "the 90-day period" or "*30 days after the court determines that the debtor is subject to this paragraph.*" 11 U.S.C. § 362(d)(3) (emphasis added). Where a debtor has incorrectly failed to check the "single asset real estate" box on its bankruptcy petition, as is the case here, these time periods will not begin to run until the court "determines that the debtor is subject to [11 U.S.C. § 362(d)(3)]." Id.

The Debtor failed to identify itself as a "single asset real estate" debtor on its petition. PremierWest is presently entitled to a determination of whether the SARE statutes apply because the Debtor's status under 11 U.S.C. § 101(51B) should have been correctly stated as of the date of the Debtor's petition. Moreover, even if this Court grants PremierWest's motion at the at the July 20, 2010 hearing, the resulting deadline to file a plan or make payments under 11 U.S.C. § 363(d)(3)(B) will be August 19, 2010. This deadline will be more than 90 days after the petition date. For the foregoing reasons, PremierWest's motion is not premature, and PremierWest is presently entitled to the relief sought.

**B.    PremierWest is Presently Entitled to the Protections of 11 U.S.C. § 362(d)(3).**

PremierWest is presently entitled to the protections of 11 U.S.C. § 362(d)(3). Currently, the Debtor is not required to file a plan by the SARE statute's deadline. And the only consequence if the Debtor ceases making monthly interest payments is that, under the cash collateral order, PremierWest may seek stay relief, which would not be mandatory. However,

Page 2 -   **PREMIERWEST'S REPLY TO DEBTOR'S RESPONSE TO MOTION FOR ORDER DETERMINING THAT DEBTOR'S REAL PROPERTY IS SINGLE ASSET REAL ESTATE**

1  under § 362(d)(3), "the court *shall grant relief*" in the event that the debtor fails to file a

2  confirmable plan or fails to make monthly payments. 11 U.S.C. § 362(d)(3) (emphasis added).

3  This distinction is of immediate and material benefit to PremierWest, and is one to which

4  PremierWest is entitled under the Bankruptcy Code.

5       In its Response, the Debtor essentially asks that this issue be revisited if and when it

6  ceases making monthly payments under the Cash Collateral Order. However, this would

7  improperly delay the effect of the SARE statutes and, ultimately, the treatment and relief to

8  which PremierWest is entitled.

9  **C.     Conclusion**

10       In light of the foregoing, HomeStreet's motion should be granted.

11

12       DATED:  July 15, 2010         BALL JANIK LLP

13

                                   By: /s/ Mathew W. Lauritsen

14                                      Brad T. Summers, OSB No. 91111
                                    Mathew W. Lauritsen, OSB No. 083949

15
                                     Attorneys for PremierWest Bank

16

17

18

19

20

21

22

23

24

25

26

Page 3 - **PREMIERWEST'S REPLY TO DEBTOR'S RESPONSE TO MOTION FOR ORDER DETERMINING THAT DEBTOR'S REAL PROPERTY IS SINGLE ASSET REAL ESTATE**

::ODMA\PCDOCS\PORTLAND\717780\1

**CERTIFICATE OF SERVICE**

I hereby certify that I served copies of the foregoing **PREMIERWEST'S REPLY TO DEBTOR'S RESPONSE TO MOTION FOR ORDER DETERMINING THAT DEBTOR'S REAL PROPERTY IS SINGLE ASSET REAL ESTATE** on the following parties **by CM/ECF**:

- DAVID W CRISWELL    dcriswell@balljanik.com, swylen@balljanik.com
- DOUGLAS P CUSHING    doug.cushing@jordanschrader.com, deborah.soloway@jordanschrader.com; Litparalegal@jordanschrader.com
- MATHEW W LAURITSEN    mlauritsen@balljanik.com, akimmel@balljanik.com
- JENNIFER L PALMQUIST    jpalmquist@nwlawfirm.com
- BRAD T SUMMERS    tsummers@balljanik.com, akimmel@balljanik.com
- MATTHEW SUTTON    msutt@uci.net
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
- CAROLYN G WADE    carolyn.g.wade@doj.state.or.us

and on the following parties by **mailing** a full, true and correct copy in a sealed first-class postage prepaid envelope, addressed to the parties listed below, and deposited with the United States Postal Service at Portland, Oregon on the date set forth below:

Susan Casto
888 Twin Creeks Crossing
Central Point, OR 97502

Peggy P. Eccles Revocable Living Trust
c/o Melvin D. Ferguson
541 Walnut Ave
Klamath Falls, OR 97601

Irene Kartsounis
c/o Matthew Sutton Attorney
205 Crater Lake Avenue
Medford, OR 97504

Janice LaMoree
895 N 5th Street #B110
Jacksonville, OR 97530

Henry C. Winsor
1601 Veranda Park Dr #2
Medford, OR 97504

DATED: July 15, 2010

    /s/ Annette Kimmel
Annette Kimmel, Legal Secretary

Page 1 -  **CERTIFICATE OF SERVICE**

::ODMA\PCDOCS\PORTLAND\717780\1