Douglas P. Cushing, OSB # 700320
JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070
Facsimile:  (503) 598-7373
E-mail:  doug.cushing@jordanschrader.com

        Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 10-62852-fra11 |
| PIONEER VILLAGE INVESTMENTS, LLC, an Oregon limited liability company, | |
| Debtor. | |

**FIRST AMENDED DISCLOSURE STATEMENT
RELATING TO THE FIRST AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR**

Dated: September 17,October 12, 2010
Portland, Oregon

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
50743-38505 202086-204277.doc\BJC\10/171/2010

# ARTICLE I
# INTRODUCTION

On May 14, 2010 (the "Filing Date"), Pioneer Village Investments, LLC, an Oregon limited liability company (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Oregon.

The Debtor ~~has~~ filed a Plan of Reorganization dated September 17, 2010 and an First Amended Plan of Reorganization on October 12, 2010 (the "Plan"). Pursuant to Section 1125 of the Bankruptcy Code, Debtor hereby submits this First Amended Disclosure Statement (the "Disclosure Statement") relating to the Plan, for the resolution of the outstanding Claims against, and Interests in, the Debtor.

Debtor provides this Disclosure Statement to provide adequate information about the Plan so that Claimants and Interest Holders can make an informed judgment about the Plan, and vote either for or against it.

The Plan summary and statements made in this Disclosure Statement are qualified in their entirety by reference to the Plan (a copy of which is served herewith).[1] Capitalized terms not otherwise defined in this Disclosure Statement are defined in Article II of the attached Plan.

All of the representations concerning the Debtor, the events leading to the commencement of the Chapter 11 Case, and the events which have taken place during the Chapter 11 Case have been based on the Debtor's initial records and the Debtor's observations and conclusions. Such representations have not been independently verified by the Court or the U.S. Trustee.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

PAGE 2 – FIRST AMENDED DISCLOSURE STATEMENT RELATING TO FIRST AMENDED PLAN OF REORGANIZATION FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
*50743-38505 202086-204277.doc\BJC/9/10/4712/2010*

This Disclosure Statement is based upon information available as of September 17, 2010, and does not reflect events that may occur subsequent to that date, which may have a material impact on the information contained in this Disclosure Statement.

ALTHOUGH DEBTOR'S PROFESSIONAL ADVISORS HAVE ASSISTED IN THE PREPARATION OF THIS DISCLOSURE STATEMENT BASED UPON FACTUAL INFORMATION AND ASSUMPTIONS PREVIOUSLY PROVIDED BY THE DEBTOR, THE PROPONENTS' PROFESSIONAL ADVISORS HAVE NOT INDEPENDENTLY VERIFIED THE INFORMATION SET FORTH IN THIS DISCLOSURE STATEMENT AND MAKE NO REPRESENTATIONS OR WARRANTIES AS TO SUCH INFORMATION. SUCH PROFESSIONAL ADVISORS DO NOT REPRESENT OR WARRANT THAT THIS DISCLOSURE STATEMENT IS COMPLETE OR IS FREE FROM INACCURACY OR OMISSION.

## CAUTIONARY STATEMENT

CERTAIN INFORMATION INCLUDED IN THIS DISCLOSURE STATEMENT CONTAINS FORWARD-LOOKING STATEMENTS WITHIN THE MEANING OF THE SECURITIES ACT OF 1933, AS AMENDED, AND THE PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995, AS AMENDED.

SUCH FORWARD-LOOKING INFORMATION IS BASED ON INFORMATION AVAILABLE WHEN SUCH STATEMENTS ARE MADE AND IS SUBJECT TO RISKS AND UNCERTAINTIES THAT COULD CAUSE ACTUAL RESULTS TO DIFFER MATERIALLY FROM THOSE EXPRESSED IN THIS DISCLOSURE STATEMENT.

//////

//////

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC\410/412/2010

**A.      Summary of Classification and Treatment.**

Detailed elsewhere in this Disclosure Statement is a description of the technical aspects of the classification of Claims and Interests, the methodology as to how such property is to be distributed, the risks inherent in the proposed Plan, and the applicable bankruptcy and tax consequences of the proposed liquidation. However, a broad overview of what Claimant and Interest Holders are likely to receive under the Plan, can be helpful.

The following is a summary of the classification of all Claims and Interests under the Plan and the proposed treatment of each such Class under the Plan. This summary is qualified in its entirety by reference to provisions set forth in the Plan, the terms of which are controlling.

**DESCRIPTION AND TREATMENT OF CLAIMS; BALANCE SHEET**

The accompanying First Amended Plan of Reorganization dated October 12, 2010 describes in detail how all claims will be treated under the proposed Plan. ~~The Debtor projects that if the Plan is confirmed, the Reorganized Debtor's assets and liabilities will be as shown on the projected balance sheet attached as Exhibit B.~~

**ARTICLE II**
**THE DEBTOR AND ITS OPERATIONS**

The Debtor was formed in August 2004 as a limited liability company. Currently, it has a number of members. The Debtor operates a continuing care retirement facility located at 805 No. 5th St., Jacksonville, OR 97530 (the "Facility"). The Debtor continues its operation since the filing date and maintains all the appropriate licenses required for the care levels which it provides.

The Debtor is managed by Farmington Centers, Inc. ("FCI"), which was formed in 1989 to manage the assisted living and retirement facilities owned by various partnerships in which the principals of FCI were the general partners, such as the Debtor. Jeff Chamberlain is a 60% owner of stock in FCI and he is also a 50% owner of Excelsior Development Company, LLC, the

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC/410/412/2010

holder of a 10.97% preferred ownership interest and a 20.94% non-preferred ownership interest in the Debtor. Ted Chamberlain, the brother of Jeff Chamberlain, holds the other 50% interest in Excelsior Development Company, LLC. Currently, FCI manages 14 facilities or campuses in Oregon, Washington and Idaho. The Debtor employs an on-site administrator. This administrator has responsibility for budgeting, marketing accounting and operational policies and procedures established by FCI. FCI would continue to manage the Debtor post-confirmation.

### REASONS FOR DEBTOR'S FINANCIAL DISTRESS; ACTIONS TAKEN OR TO BE TAKEN TO REMEDY PROBLEMS

Debtor's facility was built in 2005 and 2006, approximately the same time as two other comparable quality facilities were constructed in the Rogue Valley. Essentially the market was overbuilt, which delayed all the facilities' ability to reach the stabilization rate desired for such operations. The subsequent economic recession which began in 2007 impaired the ability of many seniors to sell their personal residences and move to a facility such as the Debtor's. Finally, the Debtor determined in late 2009 that its mix of independent living and assisted living units did not match the needs of parties seeking to move, and converted twenty-one rooms to assisted living units in early 2010 which is producing a higher room rate return to the Debtor and is expected to continue. The Debtor may convert additional rooms to assisted living as needed.

### ARTICLE III
### THE CHAPTER 11 CASE

The Debtor's Chapter 11 Case was filed on May 14, 2010. It is pending before the Honorable Frank R. Alley, III, United States Bankruptcy Judge.

On or about April 12, 2010, PremierWest commenced an action against the Debtor in the Jackson County Circuit Court, State of Oregon, due to the Debtor's alleged default under the PremierWest trust deed and the other loan documents the Debtor entered into with PremierWest, seeking, among other things, the judicial foreclosure of the PremierWest trust deed.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC/4/10/4/12/2010

On PremierWest's motion, the Jackson County Circuit Court issued an Order to Show Cause why a Receiver should not be appointed for the Facility for the purpose of operating and managing the Facility.   No Receiver was appointed, due to the commencement of this bankruptcy case on May 14, 2010.

By order of the Bankruptcy Court, Jordan Schrader Ramis, PC was authorized to act as bankruptcy counsel for the Debtor.   On or about June 10, 2010, the United States Trustee appointed the Office of the Long-Term Care Ombudsman for the State of Oregon as Patient Care Ombudsman.     A statutory committee of unsecured creditors has been appointed in the Debtor's Chapter 11 Case.

The deadline for all non-governmental creditors to file proofs of claim against the Debtor's estate is October 5, 2010.

On June 4, 2010, the Bankruptcy Court entered an interim order authorizing the Debtor's use of cash collateral and granted PremierWest adequate protection in connection therewith.   On July 12, 2010, the Bankruptcy Court entered a final order authorizing the Debtor's use of cash collateral.

On September 17, 2010, the Debtor filed its initial plan of reorganization and disclosure statement with the Bankruptcy Court.

**ARTICLE IV**
**SUMMARY OF THE PLAN**

**THE SUMMARY OF THE PLAN SET FORTH BELOW IS QUALIFIED IN ITS ENTIRETY BY REFERENCE TO THE PROVISIONS SET FORTH IN THE PLAN, THE TERMS OF WHICH CONTROL.**

A.       **General.**

1.       **Brief Explanation of Chapter 11.**

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
*50743-38505 202086 204277.doc\BJC\9 10/4 12/2010*

Chapter 11 is the principal business reorganization chapter of the Bankruptcy Code. Under Chapter 11, a debtor is authorized to reorganize or liquidate its business for the benefit of its creditors and interest holders. Upon the filing of a Chapter 11 petition and during the pendency of the case, the Bankruptcy Code imposes an automatic stay of all attempts to collect on Claims against the Debtor and to enforce Liens against the Debtor's property.

Confirmation and consummation of a plan of reorganization or liquidation is the principal objective of a Chapter 11 case. In general, a plan divides the Claims against, and interests in, a debtor into separate classes and allocates plan distributions among those classes. If the legal, equitable and contractual rights of a class are unaffected by the plan, such class is considered "unimpaired." All unimpaired classes are deemed to have accepted the plan and, therefore, are not entitled to vote. Bankruptcy Code Section 1126(g), on the other hand, provides that all classes of claims and interests that do not receive or retain property under the plan on account of such claims or interests are deemed to have rejected the plan and are, likewise, not entitled to vote. All other classes of claims and interests are considered "impaired" and are entitled to vote to accept or reject the plan.

Under the Bankruptcy Code, acceptance of the plan is determined by class; therefore, it is not required that each holder of a claim or interest in an impaired class vote in favor of the plan in order for the bankruptcy court to confirm the plan. Generally, each impaired class must vote to accept the plan; however, the bankruptcy court may confirm the plan in certain circumstances without the acceptance of all impaired classes if at least one (1) impaired class votes to accept the plan and certain other statutory tests are satisfied. A further explanation of the requirements of confirmation if an impaired class rejects the plan is set forth below in this Disclosure Statement. Many of these tests are designed to protect the interests of creditors and interest

PAGE 7 – FIRST AMENDED DISCLOSURE
STATEMENT RELATING TO FIRST
AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC\4/10/4/12/2010

holders who either do not vote or reject the plan but who nonetheless would be bound by the plan if it is confirmed by the bankruptcy court.

/////

### 2.    Acceptance of the Plan

As a condition to confirmation, Bankruptcy Code Section 1129(a) requires that: (a) each impaired class of claims or interests votes to accept the plan; and (b) the plan meets the other requirements of Section 1129(a).  As explained above, classes that are unimpaired are deemed to have accepted the plan and, therefore, are not entitled to vote and classes that do not receive or retain any property under the plan are deemed to have rejected the plan and are likewise not entitled to vote.  Accordingly, acceptances of the Plan are being solicited only from those parties who hold Claims or Interests classified as impaired Classes that are to receive Distributions under the Plan.

An impaired Class of Claims will be deemed to have accepted the Plan if holders of at least two-thirds in dollar amount and more than one-half in number of Claims in such Class who cast timely ballots vote to accept the Plan.  An impaired Class of Interests will be deemed to have accepted the Plan if the Plan is accepted by Interest Holders holding at least two-thirds in dollar amount of the allowed Interests in such class who cast timely ballots vote to accept the Plan.

Holders of Claims or Interests who do not timely vote on the Plan are not counted for purposes of determining acceptance or rejection of the Plan by any impaired Class of Claims or Interests.

### 3.    Classification of Claims and Interests Generally

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax:  (503) 598-7373
50743-38505 202086 204277.doc\BJC\4/10/4712/2010

Bankruptcy Code Section 101(5) defines a Claim as: (a) a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured"; or (b) a "right to an equitable remedy for breach or performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured."

Bankruptcy Code Section 1123 provides that a plan shall designate classes of claims against, and interests in, a debtor. Bankruptcy Code Section 1122 further requires that each class of claims and interests contain only claims or interests that are "substantially similar" to each other. It is possible that a holder of a Claim or Interest may challenge such classification and that the Bankruptcy Court may find that a different classification is required for the Plan to be confirmed. In such event, the Debtor would, to the extent permitted by the Bankruptcy Court, modify the classifications in the Plan as required and use the acceptances received in this solicitation for the purpose of obtaining the approval of a Class or Classes of which the accepting holder is ultimately deemed to be a member. Any such reclassification could adversely affect the Class of which such holder was initially a member, or any other Class under the Plan, by changing the composition of such Class and the vote required of that Class for approval of the Plan. Furthermore, a reclassification of Claims or Interests could necessitate a resolicitation of votes.

**B.    Classification and Treatment of Claims and Interests Under the Plan**

The following describes the classification of Claims and Interests under the Plan and the treatment that holders of Allowed Claims and Allowed Interests are to receive if the Plan is confirmed and becomes effective. A Claim or Interest is classified in a particular Class only to

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC\10/11/12/2010

the extent that the Claim or Interest fits within the description of that Class and is classified in a different Class to the extent that any remainder of the Claim or Interest fits within the description of such different Class. In the event of a controversy as to whether a Class of Claims or Interests is impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy.

### 1. **Unclassified Claims**

Administrative Expense Claims are not classified under this Plan in accordance with Section 1123(a)(1) of the Bankruptcy Code. All Allowed Administrative Expense Claims shall be paid (a) in Cash in full from the Distribution Fund upon the later of the Effective Date and the date upon which the Court enters a Final Order allowing such Administrative Expense Claim or as soon thereafter as is practicable, or (b) upon such less favorable terms as may be agreed between any holder of such Administrative Expense Claim (both in terms of timing and amount of such Administrative Expense Claim) and the Plan Administrator.

All Claims for professional fees and all fee applications of Professional Persons shall be filed no later than thirty (30) days from the Confirmation Date. Any party in interest shall have the right to object to any Professional Persons' fees and expenses.

### 2. **Class 1 – Priority Claims**

Class 1 consists of Priority Claims. As of the date of filing of this Plan, eleven (11) Priority Claims were listed on the Debtor's Schedules, consisting of the priority portions of matured and payable, and accrued but not yet payable, Entry Fee Deposit refunds. Class 1 is not impaired under the Plan and holders of Priority Claims are not entitled to vote on the Plan.

### 3. **Class 2 – PremierWest Secured Claim**

Class 2 consists of the PremierWest Secured Claim. Class 2 is impaired.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC/10/12/2010

Pending payment in full, and except as modified by the Plan, PremierWest will retain all of its liens and encumbrances (including the PremierWest trust deed) securing the PremierWest Claim and the terms and provisions of the loan documents, including but not limited to financial reporting and inspections, shall remain in full force and effect.  Premier West will receive approximately $1,300,000 from the sale of the Cottages.

4.    **Class 3 – Hein**

Class 3 is impaired under the Plan.

A.    The survivor Mrs. Helen Hein shall continue to receive the right of occupancy of her unit as an offset against the payments due under the Note.

B.    Any differential between the amount payable pursuant to the Hein Note and the costs that are incurred by her shall be added to the principal due under the Hein Note.  On termination of her occupancy, if not previously paid by sale or refinance, interest shall continue to be paid at 5.25% per annum until the fifth anniversary date of the Effective Date at which time the balance shall be paid in full.

5.    **Class 4 – Resident Entrance Fee.**

The non-priority portion of these Claims shall be paid from a reserve account consisting of the available excess cash after monthly payments as may be required to Classes 2, 3 and 8.  Payments will be made semi-annually on those claims which are then payable on a pro-rata basis.  Any balance due shall be paid from the refinance or sale of the Property.  Those payments due in calendar year 2010 shall be paid from the sale of the Cottages.

6.    **Class 5 – General Unsecured Claims.**

Class 5 consists of General Unsecured Claims not otherwise classified.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC/9/10/4712/2010

      A.      The Class 5 claims shall be paid in full 13 days after the Effective Date.

Based upon review of the Schedules and the Claims Register maintained by the Bankruptcy Court for the Chapter 11 Case, it appears that the Face Amount of the General Unsecured Claims is a maximum of $631.06.

/////

7.      **Class 6 – Excelsior Claim.**

Class 6 consists of the Excelsior Claim.

~~A.~~      The Class 6 claim shall not receive any payments at ~~Closing~~Confirmation but shall be paid as the reorganized Debtor determines it is able to pay, only after classes 1 through 4 are paid in full.  The claim will continue to be unsecured.

8.      **Class 7 – Subordinated Unsecured Claim of FCI.**

Class 7 is impaired by the Plan.

~~A.~~      The reorganized Debtor shall pay the allowed Class 7 claims in cash as the reorganized Debtor determines it is able to pay, only after classes 1 through 4 are paid in full.

9.      **Class 8 – Property Tax Claim.**

Class 8 is impaired by the Plan.

Class 8 consists of the real and personal property taxes owed to Jackson County.  The real property taxes may be paid from the sale of the Cottages.  The Debtor will pay the personal property taxes.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC/4 10/4 12/2010

10.    **Class 9 Interests**

Class 9 consists of the Interests.  Class 9 is impaired.  For purposes of the Plan, each holder of a member interest is entitled to vote on the Plan.

A.    All equity interests shall retain their interest unaltered by the Plan, but shall receive no payments on confirmation.

B.    Those members electing to contribute additional capital shall be granted preferred ownership interests with priority over the other Interest Holders.

/////

## ARTICLE V
## CONDITIONS AND MEANS FOR CONSUMMATION OF PLAN

1.    **Conditions Precedent to the Effectiveness of Plan**

The Effective Date will occur only if (1) the Confirmation Order shall have been entered and become a Final Order; or (2) if a timely appeal of the Confirmation Order is filed but no stay of the Confirmation Order is obtained.  The Effective Date shall be the first Business Day on which all foregoing conditions have been satisfied.

2.    **Funding of the Plan**

On or before the hearing on confirmation, Debtor will have received escrow deposits of $100,000 from those members electing to make additional contributions and obtain proceeds sufficient to enable it to make all of the initial payments required under the Plan to be made at closing.  Debtor anticipates receiving the proceeds of sale of roughly $1,800,000 by sale of the Cottages within 30 days of the Confirmation Date.

A.    **Objections to Claims**

The Plan provides that Debtor may file objections to claims.

PAGE 13 – FIRST AMENDED DISCLOSURE STATEMENT RELATING TO FIRST AMENDED PLAN OF REORGANIZATION FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
50743-38505 202086 204277.doc\BJC/9 10/4 12/2010

**B.     Resolution of Disputed Claims**

The Plan provides that Disputed Claims shall be divided into two (2) portions: the "Non-Disputed Portion" and the "Disputed Portion".    The Reorganized Debtor shall make Disbursements on account of the Non-Disputed Portion of a Disputed Claim in accordance with Plan provisions for payment of a Claim in its Class and pay the balance that would be due on the disputed portion into a reserve account pending allowance or disallowance of the disputed portion.

/////

**C.     Allowance of Disputed Claims**

The Plan provides that if any Disputed Claim becomes an Allowed Claim, the Reorganized Debtor shall make Distributions to the holder of the Disputed Claim on that portion of the Disputed Claim equal to the difference between the amount then due of that Allowed Claim pursuant to the Plan less the amount previously paid to said Claimant on the Non-Disputed Portion of its Claim, if any, plus interest actually earned on the amount to be distributed to such Claimant from the Disputed Claim Reserve.

**D.     Distribution**

**1.     Payment Dates**

Whenever any payment or Distribution to be made under the Plan shall be due on a day other than a Business Day, such payment of Distribution shall instead be made, without interest, on the next Business Day.

**2.     Manner of Payments Under the Plan**

Payments made pursuant to the Plan shall be made in Cash, by check drawn on a domestic bank or wire transfer from a domestic bank, or as otherwise provided by the Plan.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC\10/4/12/2010

Payments to other Classes shall be made at closing or as soon as practicable thereafter. Payments to be made from Sale proceeds if there is an auction will be made from the Distribution Fund by the Plan Administrator as soon as practicable after closing of the Sale.

### 3.    Unclaimed Distributions

In the event that any Distribution under the Plan remains unclaimed for a period of three months after such Distribution has been made (or after such delivery has been attempted) in accordance with the Plan to a holder entitled thereto, such Unclaimed Distribution shall be deemed forfeited by such holder, whereupon all right, title and interest in and to such Unclaimed Distribution will immediately and irrevocably re-vest with the reorganized Debtor or the Plan Administrator, as the case may be, and that party will thereafter be empowered to take whatever steps may be reasonably necessary to exercise control over the Unclaimed Distribution. The Unclaimed Distribution shall be paid to the next junior Class which remains unpaid.

### E.    Provisions Concerning Property

As of the Effective Date, all Assets shall be transferred to the reorganized Debtor free and clear of all Liens, Claims, and Interests except as provided by the Plan.

### F.    Transfer Taxes

There will be no Transfer Taxes owed on any transaction in connection with or in contemplation of the Plan.

### ARTICLE VI
### RISKS AND ALTERNATIVES

### A.    Risks Under the Plan

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC/4/10/4712/2010

There is a risk that the Occupancy will not rise and there will be insufficient operating proceeds to fund ongoing payments under the Plan.    Debtor will file an objection to PremierWest's claim to further attempt to reduce the amount due to PremierWest.

**B.**    **Alternatives**

Alternatives to the Plan include dismissal of the case, conversion of the case to a case under Chapter 7, or adoption of a different plan.

If the case is dismissed, creditors may assert and enforce their claims against Debtor by any method allowed by law.    Secured creditors may foreclose their security interests and creditors may obtain judgments and levy execution on unencumbered assets.

If this case is converted to a Chapter 7 case, a trustee will be appointed to liquidate Debtor's assets for the benefit of the estate.    Costs of liquidation, secured claims (with respect to the specific collateral liquidated), administrative claims and priority claims will have to be paid in full before any payments to unsecured creditors can be made.

Exhibit A shows the Debtor's estimate of the probable results if the Debtor is liquidated in a Chapter 7 case, including the lack of any funds to pay unsecured claims and the anticipated percentage dividend to unsecured creditors.    Debtor believes that if the Debtor is liquidated in a Chapter 7 case, holders of general unsecured claims will receive no payment of their claims, while under the Plan, unsecured creditors will receive 100% of their claims over time.

<u>**ARTICLE VII**</u>
<u>**OTHER PROVISIONS OF THE PLAN**</u>

**1.**    <u>**Executory Contracts and Unexpired Leases**</u>

All executory contracts and unexpired leases of the Debtor not previously rejected by operation of law or by Court order and not the subject of a motion to reject filed prior to the

PAGE 16 – FIRST AMENDED DISCLOSURE STATEMENT RELATING TO FIRST AMENDED PLAN OF REORGANIZATION FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
50743-38505 202086 204277.doc\BJC\10\12/2010

Confirmation Date shall be deemed to be automatically assumed by the Reorganized Debtor. The Confirmation Order shall constitute a Court order approving such assumptions pursuant to the provisions of sections 365 and 1123(b)(2) of the Bankruptcy Code.  Each contract or lease that is assumed pursuant to this Plan shall be deemed to include all modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such contract or lease (but excluding any of the foregoing that is not in writing and that purportedly limits, restricts or impairs the Debtor's rights or benefits under the written documents that evidence such contract or lease).

Prior to confirmation, the Debtor may designate executory contracts and leases (the "Designated Contracts") of the Debtor for assumption.

### 2.    Causes of Action

The Plan provides that, except for claims released by the Plan, the Debtor retains, all rights, claims, and causes of action that have been or may be commenced by the Debtor including, but not limited to, those arising out of Sections 544 through 550 of the Bankruptcy Code or any similar provisions of State Law or any statute or legal theory.

### 3.    Retention of Jurisdiction

The Plan provides that, notwithstanding Confirmation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a)    To hear and determine any dispute relating to the Plan or any property described in the Plan and to enforce its provisions.

(b)    To hear and determine all issues arising out of any motions, applications, adversary proceedings or contested or litigated matters in the Chapter 11 Case pending at the Confirmation Date or commenced thereafter.

(c)    To order recovery of any assets of the Debtor, whether title is presently held in the name of the Debtor or a third party.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
50743-38505 202086 204277.doc\BJC/4 10/4 12/2010

(d)    To hear and determine all issues relating to any purchases, sales or contracts made or undertaken by the Debtor during the pendency of the Chapter 11 Case.

(e)    To hear and determine all objections to Claims and all controversies concerning classification, allowance, valuation, liquidation, estimation, satisfaction, subordination, re-characterization or reclassification of Claims.

(f)    To make orders allowing amendment of the schedules filed in the Chapter 11 Case for any purpose including, without limitation, to prosecute objections to Claims not previously listed as disputed, contingent or unliquidated.

(g)    To hear and determine all applications for compensation of Professional Persons and reimbursement of expenses arising out of or relating to the case or any Claims.

(h)    To hear and determine any and all motions to abandon property of the Debtor's Estate.

(i)    To make such other orders or give such directions as permitted by Section 1142 of the Bankruptcy Code.

(j)    To consider and order any modifications or amendments requested to the Plan.

(k)    To remedy any defect or omission or reconcile any inconsistency in the Plan or the Confirmation Order in such manner as may be necessary or desirable to carry out the purposes and intent of the Plan.

(l)    To enforce all orders previously entered by the Bankruptcy Court.

(m)    To determine such other matters as may be provided for in the Confirmation Order or as may be authorized under the Bankruptcy Code.

## ARTICLE VIII
## VOTING INSTRUCTIONS AND CONFIRMATION OF PLAN

A.    **Classes Impaired Under the Plan**

This Disclosure Statement as well as the Plan should be read in its entirety.  Classes 2, 3, 6, 7, 8 and 9 are the impaired Classes entitled to vote to accept or reject the Plan.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC/10/1012/2010

Bankruptcy Code Section 1124 provides generally that a Class is impaired if the legal, equitable or contractual rights of the Claims or Interests in that Class are altered. Under the Bankruptcy Code, any holders of Claims or Interests in Classes that are "impaired" under the Plan are entitled to vote to accept or reject the Plan, unless such Class neither receives nor retains any property under the Plan (in which case such Class is deemed to have rejected the Plan).

Any controversy as to whether any Claim or Interest Holder or Class of Claims or Interest Holders is impaired under the Plan shall, after notice of any hearing, be determined by the Bankruptcy Court.

**B.    Claim Holders Entitled to Vote**

Subject to the exceptions provided below, any holder of a Claim whose Claim is impaired under the Plan is entitled to vote if either (i) its Claim has been scheduled by the Debtor and such Claim is not scheduled as disputed, contingent or unliquidated, or (ii) such Claim holder has filed a proof of claim.

A holder of a Disputed Claim is not entitled to vote on the Plan unless such Claim is temporarily allowed by the Debtor or an order of the Bankruptcy Court in an estimated amount which it deems proper for the purposes of voting to accept or reject the Plan. In other words, only holders of Allowed Claims or Interests may vote to accept or reject the Plan. A Claim or Interest to which an objection has been filed by the Debtor or any other party-in-interest, or a Claim (i) which is listed on the Debtor's Schedules or Amended Schedules as disputed, unliquidated or contingent, and (ii) with respect to which a superseding proof of claim has not been filed, is not an Allowed Claim for voting purposes, unless the Claim is settled by agreement or the Bankruptcy Court allows the Claim (in whole or in part) by Final Order. Upon request of a party-in-interest, the Bankruptcy Court may temporarily allow or estimate a Disputed Claim or

PAGE 19 – FIRST AMENDED DISCLOSURE STATEMENT RELATING TO FIRST AMENDED PLAN OF REORGANIZATION FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277 .doc\BJC/4/10/4712/2010

Interest for the purpose of voting on the Plan. Ballots cast in respect of claims other than Allowed Claims will not be counted. In addition, a vote may be disregarded if the Bankruptcy Court determines that the acceptance or rejection of the Plan by the creditor is not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

**C.**     **Vote Required for Class Acceptance**

Section 1126(c) of the Bankruptcy Code defines acceptance of a plan by a Class of Impaired Claims as acceptance by at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of holders of Allowed Claims in that Class who cast ballots.

**D.**     **Confirmation Procedures**

In order for the Plan to be confirmed by the Bankruptcy Court, all of the applicable requirements of Bankruptcy Code Section 1129 must be met. These include, among others, requirements that the Plan: (i) is accepted by all impaired Classes or, if rejected by an impaired Class, "does not discriminate unfairly" and is "fair and equitable" as to each rejecting Class; (ii) is feasible; and (iii) is in the best interests of holders of Claims or Interests in each impaired Class.

**E.**     **Solicitation of Votes; Acceptance**

The Debtor is soliciting the acceptance of the Plan from all holders of Claims in Classes that are impaired under the Plan and receiving Distributions thereunder.

**F.**     **Confirmation Hearing**

Bankruptcy Code Section 1128(a) requires the Bankruptcy Court, after notice, to hold a hearing on confirmation of the Plan (the "Confirmation Hearing") after the period for submission of Ballots has expired. The Confirmation Hearing may be postponed from time to time by the Bankruptcy Court without further notice except for an announcement of the postponement made

PAGE 20 – FIRST AMENDED DISCLOSURE STATEMENT RELATING TO FIRST AMENDED PLAN OF REORGANIZATION FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC/10/12/2010

at the Confirmation Hearing.  Bankruptcy Code Section 1128(b) provides that any party in interest may object to confirmation of the Plan.  Objections must be in writing, specifying in detail the name and address of the person or entity objecting, the grounds for the objection and the nature and amount of the Claim or Interest held by the objector, and must otherwise comply with the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules.  Objections must be filed with the Clerk of the Bankruptcy Court, with a courtesy copy delivered to the chambers of the Honorable Frank R. Alley, III, United States Bankruptcy Judge, and served upon the parties so designated in the Order and Notice accompanying this Disclosure Statement on or before the time and date designated in such Order and Notice.  **FAILURE TO TIMELY FILE AND SERVE AN OBJECTION TO CONFIRMATION SHALL BE DEEMED BY THE BANKRUPTCY COURT TO BE A WAIVER OF OBJECTION TO CONFIRMATION OF THE PLAN.**

At the Confirmation Hearing, the Bankruptcy Court will determine, among other things, whether the following confirmation requirements specified in Bankruptcy Code Section 1129 have been satisfied:

1. The Plan complies with the applicable provisions of the Bankruptcy Code.

2. The Proponent has complied with the applicable provisions of the Bankruptcy Code.

3. The Plan has been proposed in good faith and not by any means proscribed by law.

4. Any payment made or promised by the Debtor, or by a person issuing securities or acquiring property under the Plan, for the services or for costs and expenses in or in connection with the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

5. Each holder of a Claim in an impaired Class either has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date, that

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
50743-38505 202086 204277.doc\BJC\410/412/2010

is not less than the amount that such entity would receive or retain if the Debtor were liquidated on such date under Chapter 7 of the Bankruptcy Code.  See "Best Interests Test" below.

6.      Except to the extent that the holder of a Claim has agreed to different treatment, the Plan provides that: (a) Allowed Administrative Expense Claims will be paid in full on the later of the Effective Date, or the date the Claim is Allowed; (b) other Priority Claims will be paid in full on the Effective Date; and (c) Priority Tax Claims will receive payment in full.

7.      At least one impaired Class has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class.

### G.      Best Interests Test/Liquidation Analysis

The "best interests of creditors" test requires that the Bankruptcy Court find either that all members of each impaired class have accepted the Plan or that each holder of an Allowed Claim or Interest in each impaired Class or Claims or Interests will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

To calculate what holders of Claims would receive if the Debtor was hypothetically liquidated under Chapter 7 of the Bankruptcy Code, the Bankruptcy Court must first determine the dollar amount that would be realized from the liquidation (the "Chapter 7 Liquidation Fund").  The Chapter 7 Liquidation Fund would consist of the net proceeds from the disposition of the Debtor's assets (after satisfaction of all valid liens) augmented by the Cash held by the Debtor and recoveries on actions against third parties, if any.  The Chapter 7 Liquidation Fund would then be reduced by the costs of the liquidation.  The costs of liquidation under chapter 7 would include the fees and expenses of a Chapter 7 trustee, as well as those of counsel and other professionals that might be retained by the trustee, selling expenses, any unpaid expenses

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax:  (503) 598-7373
50743-38505 202086 204277.doc\BJC\4 10\4 7 12/2010

incurred by the Debtor during its Chapter 11 case (such as fees for attorneys, financial advisors and accountants) which would be allowed in the Chapter 7 proceedings, interest expense on secured debt and claims incurred by the Debtor during the pendency of the case.  These claims would be paid in full out of the Chapter 7 Liquidation Fund before the balance of the Chapter 7 Liquidation Fund, if any, would be made available to holders of Unsecured Claims.  In addition, other claims which would arise upon conversion to a Chapter 7 case would dilute the balance of the Chapter 7 Liquidation Fund available to holders of Claims.  Moreover, additional claims against the Debtor's estate might arise as a result of the establishment of a new bar date for the filing of claims in a Chapter 7 case of the Debtor.  The present value of the distributions out of the Chapter 7 Liquidation Fund (after deducting the amounts described above) are then compared with the present value of the property offered to each of the Classes of Claims and Interests Holders under the Plan to determine if the Plan is in the best interest of each holder of a Claim.

The Debtor believes that a Chapter 7 liquidation of the Debtor's assets would result in diminution in the value to be realized under the Plan by holders of Claims.  That belief is based upon, among other factors: (a) the additional administrative expenses involved in the appointment of a trustee, attorneys, accountants, and other Chapter 7 professionals; (b) the substantial time which would elapse before creditors would receive any distribution in respect of their Claims due to a trustee's need to become familiar with the Chapter 11 case and the Debtor's books and records, and the trustee's duty to conduct independent investigations.  For purposes of this Disclosure Statement, the Debtor's liquidation scenario annexed hereto as Exhibit A.  As indicated in the Debtor's liquidation analysis, the Debtor believes that a liquidation of the Debtor's assets would result in no recovery to any unsecured creditors.

PAGE 23 – FIRST AMENDED DISCLOSURE STATEMENT RELATING TO FIRST AMENDED PLAN OF REORGANIZATION FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC/410/412/2010

### H.    "Cram Down"

The Bankruptcy Code provides a mechanism by which a plan may be confirmed even if it has been rejected by an impaired class of claims.  Under the "cram down" provisions of the Bankruptcy Code (§ 1129(b)), the proponent of a Plan may request that it be confirmed despite its rejection by an impaired class, and the Bankruptcy Court will confirm the Plan if it (i) does not discriminate unfairly against a dissenting impaired class, and (ii) is fair and equitable with respect to such class.

The Bankruptcy Code sets forth specific guidelines for determining whether a plan is fair and equitable with respect to a particular class of claims.  For Unsecured Claims, a plan must provide that equity interest holders do not receive or retain any property on account of their interest.  For Secured Claims, a plan must provide that the holders of such Secured Claim retain the lien securing such claim to the extent of an Allowed Amount of such claim and that the holder of such claim receive on account of such claim deferred cash payments of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in the estate's interest in the property securing the lien.  In other words, the secured creditor must receive the present value of the Allowed Amount of its Secured Claim which Allowed Amount is dependent upon the value of the property securing the Claim.

To the extent that the members of any impaired Class of Claims or Interests entitled to vote on the Plan do not vote to accept the Plan, the Proponents reserve the right to seek confirmation of the Plan under Section 1129(b) of the Bankruptcy Code with respect to the non-accepting Class or Classes.

### ARTICLE IX
### VOTING INSTRUCTIONS

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC\10/10/12/2010

Creditors entitled to vote on the Plan should complete and sign the enclosed Ballot and return it to Jordan Schrader Ramis PC attorneys for the Debtor, Attention: Douglas P. Cushing. Ballots must be received on or before 5:00 p.m. Pacific time on _____.

## ARTICLE X
### CERTAIN FEDERAL INCOME TAX CONSIDERATIONS

**CREDITORS AND INTEREST HOLDERS ARE ADVISED TO CONSULT WITH THEIR OWN TAX ADVISORS REGARDING THE TAX CONSEQUENCES TO THEM AND TO THE DEBTOR OF THE TRANSACTIONS CONTEMPLATED BY THE PLAN, INCLUDING FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.**

Since the tax consequences for each creditor will depend to a considerable extent upon its particular situation, the Debtor recommends that each creditor review the entire Plan and this Disclosure Statement to best determine the effect of the Plan on it.

## ARTICLE XI
### CONCLUSION

The Debtor believes that confirmation and implementation of the Plan is preferable to any other alternative and urges each participant to vote in the affirmative.


Dated: ~~September 17,~~October 12, 2010
Portland, Oregon

JORDAN SCHRADER RAMIS PC


By: /s/ Douglas P. Cushing
    Douglas P. Cushing, OSB # 700320
    Telephone: (503) 598-7070
    Attorney for Debtor

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 ~~202086~~204277.doc\BJC/~~10/1/~~12/2010

**EXHIBIT A**

| Asset Description | Estimated Fair Market Value | Estimated Liquidation Value | Costs Other than Trustee Fee | Net Available |
|---|---|---|---|---|
| Real Property | $14,000,000 | $12,000,000 | $500,000 | $11,500,000 |
| Personal Property | $1,000,000 | $500,000 | $75,000 | $425,000 |
| Total from above | | | | $11,925,000 |
| Estimated Chapter 7 Administrative Claims | | | | $75,000 |
| Estimated Chapter 11 Administrative Claims | | | | $80,000 |
| Secured Claims | | | | $12,344,000 |
| Unsecured Claims | | | | $1,800,000 |
| Available for Unsecured Claims | | | | $0 |

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 202086 204277.doc\BJC\10/12/2010

Douglas P. Cushing, OSB # 700320
JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070
Facsimile:  (503) 598-7373
E-mail:  doug.cushing@jordanschrader.com

      Attorneys for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| In re | Case No. 10-62852-fra11 |
| --- | --- |
| PIONEER VILLAGE INVESTMENTS, LLC, an Oregon limited liability company, | |
|      Debtor. | |

**FIRST AMENDED DISCLOSURE STATEMENT
RELATING TO THE FIRST AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR**

Dated: October 12, 2010
Portland, Oregon

PAGE 1 – FIRST AMENDED DISCLOSURE
    STATEMENT RELATING TO FIRST
    AMENDED PLAN OF REORGANIZATION
    FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

# ARTICLE I
# INTRODUCTION

On May 14, 2010 (the "Filing Date"), Pioneer Village Investments, LLC, an Oregon limited liability company (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Oregon.

The Debtor filed a Plan of Reorganization dated September 17, 2010 and an First Amended Plan of Reorganization on October 12, 2010 (the "Plan"). Pursuant to Section 1125 of the Bankruptcy Code, Debtor hereby submits this First Amended Disclosure Statement (the "Disclosure Statement") relating to the Plan, for the resolution of the outstanding Claims against, and Interests in, the Debtor.

Debtor provides this Disclosure Statement to provide adequate information about the Plan so that Claimants and Interest Holders can make an informed judgment about the Plan, and vote either for or against it.

The Plan summary and statements made in this Disclosure Statement are qualified in their entirety by reference to the Plan (a copy of which is served herewith).[1]  Capitalized terms not otherwise defined in this Disclosure Statement are defined in Article II of the attached Plan.

All of the representations concerning the Debtor, the events leading to the commencement of the Chapter 11 Case, and the events which have taken place during the Chapter 11 Case have been based on the Debtor's initial records and the Debtor's observations and conclusions.  Such representations have not been independently verified by the Court or the U.S. Trustee.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

PAGE 2 – FIRST AMENDED DISCLOSURE
STATEMENT RELATING TO FIRST
AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
50743-38505 204277.doc\BJC/10/12/2010

This Disclosure Statement is based upon information available as of September 17, 2010, and does not reflect events that may occur subsequent to that date, which may have a material impact on the information contained in this Disclosure Statement.

ALTHOUGH DEBTOR'S PROFESSIONAL ADVISORS HAVE ASSISTED IN THE PREPARATION OF THIS DISCLOSURE STATEMENT BASED UPON FACTUAL INFORMATION AND ASSUMPTIONS PREVIOUSLY PROVIDED BY THE DEBTOR, THE PROPONENTS' PROFESSIONAL ADVISORS HAVE NOT INDEPENDENTLY VERIFIED THE INFORMATION SET FORTH IN THIS DISCLOSURE STATEMENT AND MAKE NO REPRESENTATIONS OR WARRANTIES AS TO SUCH INFORMATION. SUCH PROFESSIONAL ADVISORS DO NOT REPRESENT OR WARRANT THAT THIS DISCLOSURE STATEMENT IS COMPLETE OR IS FREE FROM INACCURACY OR OMISSION.

## CAUTIONARY STATEMENT

CERTAIN INFORMATION INCLUDED IN THIS DISCLOSURE STATEMENT CONTAINS FORWARD-LOOKING STATEMENTS WITHIN THE MEANING OF THE SECURITIES ACT OF 1933, AS AMENDED, AND THE PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995, AS AMENDED.

SUCH FORWARD-LOOKING INFORMATION IS BASED ON INFORMATION AVAILABLE WHEN SUCH STATEMENTS ARE MADE AND IS SUBJECT TO RISKS AND UNCERTAINTIES THAT COULD CAUSE ACTUAL RESULTS TO DIFFER MATERIALLY FROM THOSE EXPRESSED IN THIS DISCLOSURE STATEMENT.

//////

//////

PAGE 3 – FIRST AMENDED DISCLOSURE
          STATEMENT RELATING TO FIRST
          AMENDED PLAN OF REORGANIZATION
          FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 204277.doc\BJC/10/12/2010

A.    **Summary of Classification and Treatment.**

Detailed elsewhere in this Disclosure Statement is a description of the technical aspects of the classification of Claims and Interests, the methodology as to how such property is to be distributed, the risks inherent in the proposed Plan, and the applicable bankruptcy and tax consequences of the proposed liquidation. However, a broad overview of what Claimant and Interest Holders are likely to receive under the Plan, can be helpful.

The following is a summary of the classification of all Claims and Interests under the Plan and the proposed treatment of each such Class under the Plan. This summary is qualified in its entirety by reference to provisions set forth in the Plan, the terms of which are controlling.

**DESCRIPTION AND TREATMENT OF CLAIMS; BALANCE SHEET**

The accompanying First Amended Plan of Reorganization dated October 12, 2010 describes in detail how all claims will be treated under the proposed Plan.

**ARTICLE II**
**THE DEBTOR AND ITS OPERATIONS**

The Debtor was formed in August 2004 as a limited liability company. Currently, it has a number of members. The Debtor operates a continuing care retirement facility located at 805 No. 5th St., Jacksonville, OR 97530 (the "Facility"). The Debtor continues its operation since the filing date and maintains all the appropriate licenses required for the care levels which it provides.

The Debtor is managed by Farmington Centers, Inc. ("FCI"), which was formed in 1989 to manage the assisted living and retirement facilities owned by various partnerships in which the principals of FCI were the general partners, such as the Debtor. Jeff Chamberlain is a 60% owner of stock in FCI and he is also a 50% owner of Excelsior Development Company, LLC, the holder of a 10.97% preferred ownership interest and a 20.94% non-preferred ownership interest in the Debtor. Ted Chamberlain, the brother of Jeff Chamberlain, holds the other 50% interest in

PAGE 4 – FIRST AMENDED DISCLOSURE
STATEMENT RELATING TO FIRST
AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

Excelsior Development Company, LLC.  Currently, FCI manages 14 facilities or campuses in Oregon, Washington and Idaho.  The Debtor employs an on-site administrator. This administrator has responsibility for budgeting, marketing accounting and operational policies and procedures established by FCI.  FCI would continue to manage the Debtor post-confirmation.

## REASONS FOR DEBTOR'S FINANCIAL DISTRESS; ACTIONS TAKEN OR TO BE TAKEN TO REMEDY PROBLEMS

Debtor's facility was built in 2005 and 2006, approximately the same time as two other comparable quality facilities were constructed in the Rogue Valley.  Essentially the market was overbuilt, which delayed all the facilities' ability to reach the stabilization rate desired for such operations.  The subsequent economic recession which began in 2007 impaired the ability of many seniors to sell their personal residences and move to a facility such as the Debtor's. Finally, the Debtor determined in late 2009 that its mix of independent living and assisted living units did not match the needs of parties seeking to move, and converted twenty-one rooms to assisted living units in early 2010 which is producing a higher room rate return to the Debtor and is expected to continue.  The Debtor may convert additional rooms to assisted living as needed.

## ARTICLE III
## THE CHAPTER 11 CASE

The Debtor's Chapter 11 Case was filed on May 14, 2010.  It is pending before the Honorable Frank R. Alley, III, United States Bankruptcy Judge.

On or about April 12, 2010, PremierWest commenced an action against the Debtor in the Jackson County Circuit Court, State of Oregon, due to the Debtor's alleged default under the PremierWest trust deed and the other loan documents the Debtor entered into with PremierWest, seeking, among other things, the judicial foreclosure of the PremierWest trust deed.

On PremierWest's motion, the Jackson County Circuit Court issued an Order to Show Cause why a Receiver should not be appointed for the Facility for the purpose of operating and

PAGE 5 – FIRST AMENDED DISCLOSURE STATEMENT RELATING TO FIRST AMENDED PLAN OF REORGANIZATION FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

managing the Facility.    No Receiver was appointed, due to the commencement of this bankruptcy case on May 14, 2010.

By order of the Bankruptcy Court, Jordan Schrader Ramis, PC was authorized to act as bankruptcy counsel for the Debtor.  On or about June 10, 2010, the United States Trustee appointed the Office of the Long-Term Care Ombudsman for the State of Oregon as Patient Care Ombudsman.    A statutory committee of unsecured creditors has been appointed in the Debtor's Chapter 11 Case.

The deadline for all non-governmental creditors to file proofs of claim against the Debtor's estate is October 5, 2010.

On June 4, 2010, the Bankruptcy Court entered an interim order authorizing the Debtor's use of cash collateral and granted PremierWest adequate protection in connection therewith.  On July 12, 2010, the Bankruptcy Court entered a final order authorizing the Debtor's use of cash collateral.

On September 17, 2010, the Debtor filed its initial plan of reorganization and disclosure statement with the Bankruptcy Court.

**ARTICLE IV**
**SUMMARY OF THE PLAN**

**THE SUMMARY OF THE PLAN SET FORTH BELOW IS QUALIFIED IN ITS ENTIRETY BY REFERENCE TO THE PROVISIONS SET FORTH IN THE PLAN, THE TERMS OF WHICH CONTROL.**

A.    **General.**

1.    **Brief Explanation of Chapter 11.**

Chapter 11 is the principal business reorganization chapter of the Bankruptcy Code. Under Chapter 11, a debtor is authorized to reorganize or liquidate its business for the benefit of its creditors and interest holders.  Upon the filing of a Chapter 11 petition and during the

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

pendency of the case, the Bankruptcy Code imposes an automatic stay of all attempts to collect on Claims against the Debtor and to enforce Liens against the Debtor's property.

Confirmation and consummation of a plan of reorganization or liquidation is the principal objective of a Chapter 11 case. In general, a plan divides the Claims against, and interests in, a debtor into separate classes and allocates plan distributions among those classes. If the legal, equitable and contractual rights of a class are unaffected by the plan, such class is considered "unimpaired." All unimpaired classes are deemed to have accepted the plan and, therefore, are not entitled to vote. Bankruptcy Code Section 1126(g), on the other hand, provides that all classes of claims and interests that do not receive or retain property under the plan on account of such claims or interests are deemed to have rejected the plan and are, likewise, not entitled to vote. All other classes of claims and interests are considered "impaired" and are entitled to vote to accept or reject the plan.

Under the Bankruptcy Code, acceptance of the plan is determined by class; therefore, it is not required that each holder of a claim or interest in an impaired class vote in favor of the plan in order for the bankruptcy court to confirm the plan. Generally, each impaired class must vote to accept the plan; however, the bankruptcy court may confirm the plan in certain circumstances without the acceptance of all impaired classes if at least one (1) impaired class votes to accept the plan and certain other statutory tests are satisfied. A further explanation of the requirements of confirmation if an impaired class rejects the plan is set forth below in this Disclosure Statement. Many of these tests are designed to protect the interests of creditors and interest holders who either do not vote or reject the plan but who nonetheless would be bound by the plan if it is confirmed by the bankruptcy court.

/////

PAGE 7 – FIRST AMENDED DISCLOSURE
STATEMENT RELATING TO FIRST
AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
50743-38505 204277.doc\BJC/10/12/2010

### 2.    Acceptance of the Plan

As a condition to confirmation, Bankruptcy Code Section 1129(a) requires that: (a) each impaired class of claims or interests votes to accept the plan; and (b) the plan meets the other requirements of Section 1129(a).  As explained above, classes that are unimpaired are deemed to have accepted the plan and, therefore, are not entitled to vote and classes that do not receive or retain any property under the plan are deemed to have rejected the plan and are likewise not entitled to vote.  Accordingly, acceptances of the Plan are being solicited only from those parties who hold Claims or Interests classified as impaired Classes that are to receive Distributions under the Plan.

An impaired Class of Claims will be deemed to have accepted the Plan if holders of at least two-thirds in dollar amount and more than one-half in number of Claims in such Class who cast timely ballots vote to accept the Plan.  An impaired Class of Interests will be deemed to have accepted the Plan if the Plan is accepted by Interest Holders holding at least two-thirds in dollar amount of the allowed Interests in such class who cast timely ballots vote to accept the Plan.

Holders of Claims or Interests who do not timely vote on the Plan are not counted for purposes of determining acceptance or rejection of the Plan by any impaired Class of Claims or Interests.

### 3.    Classification of Claims and Interests Generally

Bankruptcy Code Section 101(5) defines a Claim as: (a) a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured"; or (b) a "right to an equitable remedy for breach or performance if such breach gives rise to a right to payment, whether or not

PAGE 8 – FIRST AMENDED DISCLOSURE STATEMENT RELATING TO FIRST AMENDED PLAN OF REORGANIZATION FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured."

Bankruptcy Code Section 1123 provides that a plan shall designate classes of claims against, and interests in, a debtor. Bankruptcy Code Section 1122 further requires that each class of claims and interests contain only claims or interests that are "substantially similar" to each other. It is possible that a holder of a Claim or Interest may challenge such classification and that the Bankruptcy Court may find that a different classification is required for the Plan to be confirmed. In such event, the Debtor would, to the extent permitted by the Bankruptcy Court, modify the classifications in the Plan as required and use the acceptances received in this solicitation for the purpose of obtaining the approval of a Class or Classes of which the accepting holder is ultimately deemed to be a member. Any such reclassification could adversely affect the Class of which such holder was initially a member, or any other Class under the Plan, by changing the composition of such Class and the vote required of that Class for approval of the Plan. Furthermore, a reclassification of Claims or Interests could necessitate a resolicitation of votes.

### B.    Classification and Treatment of Claims and Interests Under the Plan

The following describes the classification of Claims and Interests under the Plan and the treatment that holders of Allowed Claims and Allowed Interests are to receive if the Plan is confirmed and becomes effective. A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest fits within the description of that Class and is classified in a different Class to the extent that any remainder of the Claim or Interest fits within the description of such different Class. In the event of a controversy as to whether a Class of Claims or Interests is impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

1. **Unclassified Claims**

Administrative Expense Claims are not classified under this Plan in accordance with Section 1123(a)(1) of the Bankruptcy Code. All Allowed Administrative Expense Claims shall be paid (a) in Cash in full from the Distribution Fund upon the later of the Effective Date and the date upon which the Court enters a Final Order allowing such Administrative Expense Claim or as soon thereafter as is practicable, or (b) upon such less favorable terms as may be agreed between any holder of such Administrative Expense Claim (both in terms of timing and amount of such Administrative Expense Claim) and the Plan Administrator.

All Claims for professional fees and all fee applications of Professional Persons shall be filed no later than thirty (30) days from the Confirmation Date. Any party in interest shall have the right to object to any Professional Persons' fees and expenses.

2. **Class 1 – Priority Claims**

Class 1 consists of Priority Claims. As of the date of filing of this Plan, eleven (11) Priority Claims were listed on the Debtor's Schedules, consisting of the priority portions of matured and payable, and accrued but not yet payable, Entry Fee Deposit refunds. Class 1 is not impaired under the Plan and holders of Priority Claims are not entitled to vote on the Plan.

3. **Class 2 – PremierWest Secured Claim**

Class 2 consists of the PremierWest Secured Claim. Class 2 is impaired.

Pending payment in full, and except as modified by the Plan, PremierWest will retain all of its liens and encumbrances (including the PremierWest trust deed) securing the PremierWest Claim and the terms and provisions of the loan documents, including but not limited to financial reporting and inspections, shall remain in full force and effect. Premier West will receive approximately $1,300,000 from the sale of the Cottages.

PAGE 10 – FIRST AMENDED DISCLOSURE
STATEMENT RELATING TO FIRST
AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 204277.doc\BJC/10/12/2010

4.    **Class 3 – Hein**

Class 3 is impaired under the Plan.

A.    The survivor Mrs. Helen Hein shall continue to receive the right of occupancy of her unit as an offset against the payments due under the Note.

B.    Any differential between the amount payable pursuant to the Hein Note and the costs that are incurred by her shall be added to the principal due under the Hein Note.  On termination of her occupancy, if not previously paid by sale or refinance, interest shall continue to be paid at 5.25% per annum until the fifth anniversary date of the Effective Date at which time the balance shall be paid in full.

5.    **Class 4 – Resident Entrance Fee.**

The non-priority portion of these Claims shall be paid from a reserve account consisting of the available excess cash after monthly payments as may be required to Classes 2, 3 and 8.  Payments will be made semi-annually on those claims which are then payable on a pro-rata basis.  Any balance due shall be paid from the refinance or sale of the Property.  Those payments due in calendar year 2010 shall be paid from the sale of the Cottages.

6.    **Class 5 – General Unsecured Claims.**

Class 5 consists of General Unsecured Claims not otherwise classified.

A.    The Class 5 claims shall be paid in full 13 days after the Effective Date.

Based upon review of the Schedules and the Claims Register maintained by the Bankruptcy Court for the Chapter 11 Case, it appears that the Face Amount of the General Unsecured Claims is a maximum of $631.06.

/////

PAGE 11 – FIRST AMENDED DISCLOSURE
STATEMENT RELATING TO FIRST
AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

7.      **Class 6 – Excelsior Claim.**

Class 6 consists of the Excelsior Claim.

The Class 6 claim shall not receive any payments at Confirmation but shall be paid as the reorganized Debtor determines it is able to pay, only after classes 1 through 4 are paid in full.  The claim will continue to be unsecured.

8.      **Class 7 – Subordinated Unsecured Claim of FCI.**

Class 7 is impaired by the Plan.

The reorganized Debtor shall pay the allowed Class 7 claims in cash as the reorganized Debtor determines it is able to pay, only after classes 1 through 4 are paid in full.

9.      **Class 8 – Property Tax Claim.**

Class 8 is impaired by the Plan.

Class 8 consists of the real and personal property taxes owed to Jackson County. The real property taxes may be paid from the sale of the Cottages.  The Debtor will pay the personal property taxes.

10.     **Class 9 Interests**

Class 9 consists of the Interests.  Class 9 is impaired.  For purposes of the Plan, each holder of a member interest is entitled to vote on the Plan.

A.      All equity interests shall retain their interest unaltered by the Plan, but shall receive no payments on confirmation.

B.      Those members electing to contribute additional capital shall be granted preferred ownership interests with priority over the other Interest Holders.

/////

PAGE 12 – FIRST AMENDED DISCLOSURE
             STATEMENT RELATING TO FIRST
             AMENDED PLAN OF REORGANIZATION
             FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC\10/12/2010*

## ARTICLE V
## CONDITIONS AND MEANS FOR CONSUMMATION OF PLAN

**1.      Conditions Precedent to the Effectiveness of Plan**

The Effective Date will occur only if (1) the Confirmation Order shall have been entered and become a Final Order; or (2) if a timely appeal of the Confirmation Order is filed but no stay of the Confirmation Order is obtained.  The Effective Date shall be the first Business Day on which all foregoing conditions have been satisfied.

**2.      Funding of the Plan**

On or before the hearing on confirmation, Debtor will have received escrow deposits of $100,000 from those members electing to make additional contributions and obtain proceeds sufficient to enable it to make all of the initial payments required under the Plan to be made at closing.  Debtor anticipates receiving the proceeds of sale of roughly $1,800,000 by sale of the Cottages within 30 days of the Confirmation Date.

**A.      Objections to Claims**

The Plan provides that Debtor may file objections to claims.

**B.      Resolution of Disputed Claims**

The Plan provides that Disputed Claims shall be divided into two (2) portions: the "Non-Disputed Portion" and the "Disputed Portion".  The Reorganized Debtor shall make Disbursements on account of the Non-Disputed Portion of a Disputed Claim in accordance with Plan provisions for payment of a Claim in its Class and pay the balance that would be due on the disputed portion into a reserve account pending allowance or disallowance of the disputed portion.

/////

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

### C.    Allowance of Disputed Claims

The Plan provides that if any Disputed Claim becomes an Allowed Claim, the Reorganized Debtor shall make Distributions to the holder of the Disputed Claim on that portion of the Disputed Claim equal to the difference between the amount then due of that Allowed Claim pursuant to the Plan less the amount previously paid to said Claimant on the Non-Disputed Portion of its Claim, if any, plus interest actually earned on the amount to be distributed to such Claimant from the Disputed Claim Reserve.

### D.    Distribution

#### 1.    Payment Dates

Whenever any payment or Distribution to be made under the Plan shall be due on a day other than a Business Day, such payment of Distribution shall instead be made, without interest, on the next Business Day.

#### 2.    Manner of Payments Under the Plan

Payments made pursuant to the Plan shall be made in Cash, by check drawn on a domestic bank or wire transfer from a domestic bank, or as otherwise provided by the Plan. Payments to other Classes shall be made at closing or as soon as practicable thereafter. Payments to be made from Sale proceeds if there is an auction will be made from the Distribution Fund by the Plan Administrator as soon as practicable after closing of the Sale.

#### 3.    Unclaimed Distributions

In the event that any Distribution under the Plan remains unclaimed for a period of three months after such Distribution has been made (or after such delivery has been attempted) in accordance with the Plan to a holder entitled thereto, such Unclaimed Distribution shall be deemed forfeited by such holder, whereupon all right, title and interest in and to such Unclaimed

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
50743-38505 204277.doc\BJC/10/12/2010

Distribution will immediately and irrevocably re-vest with the reorganized Debtor or the Plan Administrator, as the case may be, and that party will thereafter be empowered to take whatever steps may be reasonably necessary to exercise control over the Unclaimed Distribution. The Unclaimed Distribution shall be paid to the next junior Class which remains unpaid.

### E.     <u>Provisions Concerning Property</u>

As of the Effective Date, all Assets shall be transferred to the reorganized Debtor free and clear of all Liens, Claims, and Interests except as provided by the Plan.

### F.     <u>Transfer Taxes</u>

There will be no Transfer Taxes owed on any transaction in connection with or in contemplation of the Plan.

### ARTICLE VI
### RISKS AND ALTERNATIVES

### A.     <u>Risks Under the Plan</u>

There is a risk that the Occupancy will not rise and there will be insufficient operating proceeds to fund ongoing payments under the Plan. Debtor will file an objection to PremierWest's claim to further attempt to reduce the amount due to PremierWest.

### B.     <u>Alternatives</u>

Alternatives to the Plan include dismissal of the case, conversion of the case to a case under Chapter 7, or adoption of a different plan.

If the case is dismissed, creditors may assert and enforce their claims against Debtor by any method allowed by law. Secured creditors may foreclose their security interests and creditors may obtain judgments and levy execution on unencumbered assets.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

If this case is converted to a Chapter 7 case, a trustee will be appointed to liquidate Debtor's assets for the benefit of the estate.  Costs of liquidation, secured claims (with respect to the specific collateral liquidated), administrative claims and priority claims will have to be paid in full before any payments to unsecured creditors can be made.

Exhibit A shows the Debtor's estimate of the probable results if the Debtor is liquidated in a Chapter 7 case, including the lack of any funds to pay unsecured claims and the anticipated percentage dividend to unsecured creditors.  Debtor believes that if the Debtor is liquidated in a Chapter 7 case, holders of general unsecured claims will receive no payment of their claims, while under the Plan, unsecured creditors will receive 100% of their claims over time.

## ARTICLE VII
## OTHER PROVISIONS OF THE PLAN

### 1.      Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases of the Debtor not previously rejected by operation of law or by Court order and not the subject of a motion to reject filed prior to the Confirmation Date shall be deemed to be automatically assumed by the Reorganized Debtor. The Confirmation Order shall constitute a Court order approving such assumptions pursuant to the provisions of sections 365 and 1123(b)(2) of the Bankruptcy Code.  Each contract or lease that is assumed pursuant to this Plan shall be deemed to include all modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such contract or lease (but excluding any of the foregoing that is not in writing and that purportedly limits, restricts or impairs the Debtor's rights or benefits under the written documents that evidence such contract or lease).

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

Prior to confirmation, the Debtor may designate executory contracts and leases (the "Designated Contracts") of the Debtor for assumption.

### 2. **Causes of Action**

The Plan provides that, except for claims released by the Plan, the Debtor retains, all rights, claims, and causes of action that have been or may be commenced by the Debtor including, but not limited to, those arising out of Sections 544 through 550 of the Bankruptcy Code or any similar provisions of State Law or any statute or legal theory.

### 3. **Retention of Jurisdiction**

The Plan provides that, notwithstanding Confirmation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a) To hear and determine any dispute relating to the Plan or any property described in the Plan and to enforce its provisions.

(b) To hear and determine all issues arising out of any motions, applications, adversary proceedings or contested or litigated matters in the Chapter 11 Case pending at the Confirmation Date or commenced thereafter.

(c) To order recovery of any assets of the Debtor, whether title is presently held in the name of the Debtor or a third party.

(d) To hear and determine all issues relating to any purchases, sales or contracts made or undertaken by the Debtor during the pendency of the Chapter 11 Case.

(e) To hear and determine all objections to Claims and all controversies concerning classification, allowance, valuation, liquidation, estimation, satisfaction, subordination, re-characterization or reclassification of Claims.

(f) To make orders allowing amendment of the schedules filed in the Chapter 11 Case for any purpose including, without limitation, to prosecute objections to Claims not previously listed as disputed, contingent or unliquidated.

PAGE 17 – FIRST AMENDED DISCLOSURE STATEMENT RELATING TO FIRST AMENDED PLAN OF REORGANIZATION FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

(g)    To hear and determine all applications for compensation of Professional Persons and reimbursement of expenses arising out of or relating to the case or any Claims.

(h)    To hear and determine any and all motions to abandon property of the Debtor's Estate.

(i)    To make such other orders or give such directions as permitted by Section 1142 of the Bankruptcy Code.

(j)    To consider and order any modifications or amendments requested to the Plan.

(k)    To remedy any defect or omission or reconcile any inconsistency in the Plan or the Confirmation Order in such manner as may be necessary or desirable to carry out the purposes and intent of the Plan.

(l)    To enforce all orders previously entered by the Bankruptcy Court.

(m)    To determine such other matters as may be provided for in the Confirmation Order or as may be authorized under the Bankruptcy Code.

## ARTICLE VIII
## VOTING INSTRUCTIONS AND CONFIRMATION OF PLAN

### A.    Classes Impaired Under the Plan

This Disclosure Statement as well as the Plan should be read in its entirety. Classes 2, 3, 6, 7, 8 and 9 are the impaired Classes entitled to vote to accept or reject the Plan.

Bankruptcy Code Section 1124 provides generally that a Class is impaired if the legal, equitable or contractual rights of the Claims or Interests in that Class are altered. Under the Bankruptcy Code, any holders of Claims or Interests in Classes that are "impaired" under the Plan are entitled to vote to accept or reject the Plan, unless such Class neither receives nor retains any property under the Plan (in which case such Class is deemed to have rejected the Plan).

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

Any controversy as to whether any Claim or Interest Holder or Class of Claims or Interest Holders is impaired under the Plan shall, after notice of any hearing, be determined by the Bankruptcy Court.

### B. Claim Holders Entitled to Vote

Subject to the exceptions provided below, any holder of a Claim whose Claim is impaired under the Plan is entitled to vote if either (i) its Claim has been scheduled by the Debtor and such Claim is not scheduled as disputed, contingent or unliquidated, or (ii) such Claim holder has filed a proof of claim.

A holder of a Disputed Claim is not entitled to vote on the Plan unless such Claim is temporarily allowed by the Debtor or an order of the Bankruptcy Court in an estimated amount which it deems proper for the purposes of voting to accept or reject the Plan. In other words, only holders of Allowed Claims or Interests may vote to accept or reject the Plan. A Claim or Interest to which an objection has been filed by the Debtor or any other party-in-interest, or a Claim (i) which is listed on the Debtor's Schedules or Amended Schedules as disputed, unliquidated or contingent, and (ii) with respect to which a superseding proof of claim has not been filed, is not an Allowed Claim for voting purposes, unless the Claim is settled by agreement or the Bankruptcy Court allows the Claim (in whole or in part) by Final Order. Upon request of a party-in-interest, the Bankruptcy Court may temporarily allow or estimate a Disputed Claim or Interest for the purpose of voting on the Plan. Ballots cast in respect of claims other than Allowed Claims will not be counted. In addition, a vote may be disregarded if the Bankruptcy Court determines that the acceptance or rejection of the Plan by the creditor is not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
50743-38505 204277.doc\BJC/10/12/2010

### C.    Vote Required for Class Acceptance

Section 1126(c) of the Bankruptcy Code defines acceptance of a plan by a Class of Impaired Claims as acceptance by at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of holders of Allowed Claims in that Class who cast ballots.

### D.    Confirmation Procedures

In order for the Plan to be confirmed by the Bankruptcy Court, all of the applicable requirements of Bankruptcy Code Section 1129 must be met.  These include, among others, requirements that the Plan: (i) is accepted by all impaired Classes or, if rejected by an impaired Class, "does not discriminate unfairly" and is "fair and equitable" as to each rejecting Class; (ii) is feasible; and (iii) is in the best interests of holders of Claims or Interests in each impaired Class.

### E.    Solicitation of Votes; Acceptance

The Debtor is soliciting the acceptance of the Plan from all holders of Claims in Classes that are impaired under the Plan and receiving Distributions thereunder.

### F.    Confirmation Hearing

Bankruptcy Code Section 1128(a) requires the Bankruptcy Court, after notice, to hold a hearing on confirmation of the Plan (the "Confirmation Hearing") after the period for submission of Ballots has expired.  The Confirmation Hearing may be postponed from time to time by the Bankruptcy Court without further notice except for an announcement of the postponement made at the Confirmation Hearing.  Bankruptcy Code Section 1128(b) provides that any party in interest may object to confirmation of the Plan.  Objections must be in writing, specifying in detail the name and address of the person or entity objecting, the grounds for the objection and the nature and amount of the Claim or Interest held by the objector, and must otherwise comply

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC\10/12/2010*

with the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules. Objections

must be filed with the Clerk of the Bankruptcy Court, with a courtesy copy delivered to the

chambers of the Honorable Frank R. Alley, III, United States Bankruptcy Judge, and served upon

the parties so designated in the Order and Notice accompanying this Disclosure Statement on or

before the time and date designated in such Order and Notice. **FAILURE TO TIMELY FILE**

**AND SERVE AN OBJECTION TO CONFIRMATION SHALL BE DEEMED BY THE**

**BANKRUPTCY COURT TO BE A WAIVER OF OBJECTION TO CONFIRMATION**

**OF THE PLAN.**

At the Confirmation Hearing, the Bankruptcy Court will determine, among other things,

whether the following confirmation requirements specified in Bankruptcy Code Section 1129

have been satisfied:

1.      The Plan complies with the applicable provisions of the Bankruptcy Code.

2.      The Proponent has complied with the applicable provisions of the Bankruptcy Code.

3.      The Plan has been proposed in good faith and not by any means proscribed by law.

4.      Any payment made or promised by the Debtor, or by a person issuing securities or acquiring property under the Plan, for the services or for costs and expenses in or in connection with the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

5.      Each holder of a Claim in an impaired Class either has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount that such entity would receive or retain if the Debtor were liquidated on such date under Chapter 7 of the Bankruptcy Code. See "Best Interests Test" below.

6.      Except to the extent that the holder of a Claim has agreed to different treatment, the Plan provides that: (a) Allowed Administrative Expense Claims will be paid in full on the later of the Effective Date, or the date the Claim is Allowed; (b) other

PAGE 21 – FIRST AMENDED DISCLOSURE
        STATEMENT RELATING TO FIRST
        AMENDED PLAN OF REORGANIZATION
        FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

Priority Claims will be paid in full on the Effective Date; and (c) Priority Tax Claims will receive payment in full.

7.      At least one impaired Class has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class.

### G.      Best Interests Test/Liquidation Analysis

The "best interests of creditors" test requires that the Bankruptcy Court find either that all members of each impaired class have accepted the Plan or that each holder of an Allowed Claim or Interest in each impaired Class or Claims or Interests will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

To calculate what holders of Claims would receive if the Debtor was hypothetically liquidated under Chapter 7 of the Bankruptcy Code, the Bankruptcy Court must first determine the dollar amount that would be realized from the liquidation (the "Chapter 7 Liquidation Fund"). The Chapter 7 Liquidation Fund would consist of the net proceeds from the disposition of the Debtor's assets (after satisfaction of all valid liens) augmented by the Cash held by the Debtor and recoveries on actions against third parties, if any. The Chapter 7 Liquidation Fund would then be reduced by the costs of the liquidation. The costs of liquidation under chapter 7 would include the fees and expenses of a Chapter 7 trustee, as well as those of counsel and other professionals that might be retained by the trustee, selling expenses, any unpaid expenses incurred by the Debtor during its Chapter 11 case (such as fees for attorneys, financial advisors and accountants) which would be allowed in the Chapter 7 proceedings, interest expense on secured debt and claims incurred by the Debtor during the pendency of the case. These claims would be paid in full out of the Chapter 7 Liquidation Fund before the balance of the Chapter 7

PAGE 22 – FIRST AMENDED DISCLOSURE
          STATEMENT RELATING TO FIRST
          AMENDED PLAN OF REORGANIZATION
          FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
50743-38505 204277.doc\BJC/10/12/2010

Liquidation Fund, if any, would be made available to holders of Unsecured Claims.  In addition, other claims which would arise upon conversion to a Chapter 7 case would dilute the balance of the Chapter 7 Liquidation Fund available to holders of Claims.  Moreover, additional claims against the Debtor's estate might arise as a result of the establishment of a new bar date for the filing of claims in a Chapter 7 case of the Debtor.  The present value of the distributions out of the Chapter 7 Liquidation Fund (after deducting the amounts described above) are then compared with the present value of the property offered to each of the Classes of Claims and Interests Holders under the Plan to determine if the Plan is in the best interest of each holder of a Claim.

The Debtor believes that a Chapter 7 liquidation of the Debtor's assets would result in diminution in the value to be realized under the Plan by holders of Claims.  That belief is based upon, among other factors: (a) the additional administrative expenses involved in the appointment of a trustee, attorneys, accountants, and other Chapter 7 professionals; (b) the substantial time which would elapse before creditors would receive any distribution in respect of their Claims due to a trustee's need to become familiar with the Chapter 11 case and the Debtor's books and records, and the trustee's duty to conduct independent investigations.  For purposes of this Disclosure Statement, the Debtor's liquidation scenario annexed hereto as Exhibit A.  As indicated in the Debtor's liquidation analysis, the Debtor believes that a liquidation of the Debtor's assets would result in no recovery to any unsecured creditors.

## H.    "Cram Down"

The Bankruptcy Code provides a mechanism by which a plan may be confirmed even if it has been rejected by an impaired class of claims.  Under the "cram down" provisions of the Bankruptcy Code (§ 1129(b)), the proponent of a Plan may request that it be confirmed despite

PAGE 23 – FIRST AMENDED DISCLOSURE
          STATEMENT RELATING TO FIRST
          AMENDED PLAN OF REORGANIZATION
          FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

its rejection by an impaired class, and the Bankruptcy Court will confirm the Plan if it (i) does not discriminate unfairly against a dissenting impaired class, and (ii) is fair and equitable with respect to such class.

The Bankruptcy Code sets forth specific guidelines for determining whether a plan is fair and equitable with respect to a particular class of claims.  For Unsecured Claims, a plan must provide that equity interest holders do not receive or retain any property on account of their interest.  For Secured Claims, a plan must provide that the holders of such Secured Claim retain the lien securing such claim to the extent of an Allowed Amount of such claim and that the holder of such claim receive on account of such claim deferred cash payments of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in the estate's interest in the property securing the lien.  In other words, the secured creditor must receive the present value of the Allowed Amount of its Secured Claim which Allowed Amount is dependent upon the value of the property securing the Claim.

To the extent that the members of any impaired Class of Claims or Interests entitled to vote on the Plan do not vote to accept the Plan, the Proponents reserve the right to seek confirmation of the Plan under Section 1129(b) of the Bankruptcy Code with respect to the non-accepting Class or Classes.

## <u>ARTICLE IX</u>
## <u>VOTING INSTRUCTIONS</u>

Creditors entitled to vote on the Plan should complete and sign the enclosed Ballot and return it to Jordan Schrader Ramis PC attorneys for the Debtor, Attention: Douglas P. Cushing. Ballots must be received on or before 5:00 p.m. Pacific time on _____.

PAGE 24 – FIRST AMENDED DISCLOSURE
STATEMENT RELATING TO FIRST
AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*

## ARTICLE X
## CERTAIN FEDERAL INCOME TAX CONSIDERATIONS

**CREDITORS AND INTEREST HOLDERS ARE ADVISED TO CONSULT WITH THEIR OWN TAX ADVISORS REGARDING THE TAX CONSEQUENCES TO THEM AND TO THE DEBTOR OF THE TRANSACTIONS CONTEMPLATED BY THE PLAN, INCLUDING FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.**

Since the tax consequences for each creditor will depend to a considerable extent upon its particular situation, the Debtor recommends that each creditor review the entire Plan and this Disclosure Statement to best determine the effect of the Plan on it.

## ARTICLE XI
## CONCLUSION

The Debtor believes that confirmation and implementation of the Plan is preferable to any other alternative and urges each participant to vote in the affirmative.

Dated: October 12, 2010
Portland, Oregon

JORDAN SCHRADER RAMIS PC

By: */s/ Douglas P. Cushing*
Douglas P. Cushing, OSB # 700320
Telephone:  (503) 598-7070
Attorney for Debtor

PAGE 25 – FIRST AMENDED DISCLOSURE
STATEMENT RELATING TO FIRST
AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC\10/12/2010*

**EXHIBIT A**

| Asset Description | Estimated Fair Market Value | Estimated Liquidation Value | Costs Other than Trustee Fee | Net Available |
|---|---|---|---|---|
| Real Property | $14,000,000 | $12,000,000 | $500,000 | $11,500,000 |
| Personal Property | $1,000,000 | $500,000 | $75,000 | $425,000 |
| Total from above | | | | $11,925,000 |
| Estimated Chapter 7 Administrative Claims | | | | $75,000 |
| Estimated Chapter 11 Administrative Claims | | | | $80,000 |
| Secured Claims | | | | $12,344,000 |
| Unsecured Claims | | | | $1,800,000 |
| Available for Unsecured Claims | | | | $0 |

PAGE 26 – FIRST AMENDED DISCLOSURE
STATEMENT RELATING TO FIRST
AMENDED PLAN OF REORGANIZATION
FILED BY DEBTOR

JORDAN SCHRADER RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070 Fax:  (503) 598-7373
*50743-38505 204277.doc\BJC/10/12/2010*