**David W. Criswell, OSB No. 925930**
dcriswell@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, OR  97204
Telephone:  (503) 228-2525
Facsimile:   (503) 295-1058

Attorneys for PremierWest Bank

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**PIONEER VILLAGE INVESTMENTS, LLC,** an Oregon limited liability company<br><br>Debtor. | Case No. 10-62852-fra11<br><br>DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF REORGANIZATION |

## I.

## INTRODUCTION

On May 14, 2010 (the "Petition Date"), Pioneer Village Investments, LLC, an Oregon limited liability company. (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Code").

PremierWest Bank ("PremierWest" or the "Bank") has filed a Plan of Reorganization to provide for a sale of the Debtor's continuing care retirement facility located at 805 No. 5th , Jacksonville, Oregon 97530 (the "Property") through the appointment of a Liquidating Trustee.

The Plan also provides for a guaranteed payout to Unsecured Creditors by means of a "carve-out" by the Bank from proceeds of sale of the Property.

The Bank provides this disclosure statement ("Disclosure Statement") to all of the Debtor's known Creditors and parties in interest, pursuant to section 1125 of the Code.

Page 1 -    DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

A.   **Purpose of Disclosure Statement**

The purpose of this Disclosure Statement is to provide the Holders of Claims against the Debtor such information as may be deemed material, important and necessary to make a reasonably informed decision in exercising the right to vote for or against the Creditor's Plan of Reorganization dated November 24, 2010 (the "Plan") and to solicit acceptances of the Plan.

This Disclosure Statement discusses the Debtor's history, the Estate's assets and liabilities, summarizes the Plan, explains how the Plan will be implemented, outlines the risks of, and alternatives to, the Plan, and outlines the procedures involved in confirmation of the Plan.

B.   **Definitions**

Definitions of certain terms used in this Disclosure Statement are set forth in the text. Other terms are defined in the text of the Plan or in Appendix A attached to the Plan. In either case, when a defined term is used, the first letter of the term will be capitalized. Capitalized terms used and not defined in this Disclosure Statement or in the Plan shall have the meaning given in the Code.

C.   **Plan Summary/Overview**

The Plan provides that following confirmation of the Plan, the Property will be transferred to a Liquidating Trust and the Liquidating Trustee will market and sell the Property and distribute the net sale proceeds thereof to Creditors.

Priority Resident Deposit Claims and Administrative Expense Claims will be paid from Cash on hand on the Confirmation Date, or payment will be deferred by agreement or until such Claims are allowed by the Court. Priority Resident Deposit Claims are estimated to be approximately $26,000 while Administrative Expense Claims are estimated to be approximately $22,000.

Page 2 -   DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
            REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Jackson County, Oregon has a senior lien on the Property for real property taxes due in the approximate amount of $451,153.68.[1]

The Bank is a holder of a claim in the approximate amount of $13,900,000 as of November 1, 2010, which is secured by a first deed of trust Lien on the Property.  As such, if the Property were to be sold it would be entitled to receive not less than $13,900,000 before any funds were paid to other creditors (other than the senior lien of Jackson County for real property taxes which must be paid before Bank).   However, as part of the Plan, the Bank has agreed to a guaranteed "carve-out" of $150,000 for the benefit of Unsecured Creditors no matter what the outcome of the sale by the Liquidating Trustee.  The Plan provides for a sharing of net proceeds after any sale remaining after payment of the sum of $12,450,000 to the Bank.  Under the Plan, if upon closing, after payment of real property taxes due to Jackson County and closing costs, and payment of the sum of $12,450,000 to the Bank, there are remaining net proceeds, the Bank will receive 40% of such proceeds and Unsecured Creditors 60% of such proceeds until payment in full of the Bank's Allowed Secured Claim.  Any net proceeds remaining after such payments will be paid to the Hein Trust on account of its second deed of trust.

If the Liquidating Trustee cannot close a sale of the Property within six months after the Plan is confirmed, the Bank will be allowed to purchase the Property free and clear of liens, claims and encumbrances by means of a credit bid of $12,450,000; provided, however, that on recordation of a deed to the Property, the Bank will be required to pay the sum of $150,000 in cash to the Liquidating Trustee for the benefit of Unsecured Creditors.

General Unsecured Claims total approximately $1,383,828.04 according to the Debtor's Schedules in Bankruptcy and claims filed in the Chapter 11 case.[2]  A matrix showing all

---

[1] Jackson County filed a proof of claim for $290,938.82.  However, with post-petition taxes, the total due and owing to Jackson County as of November 2, 2010 was $451,153.68.
[2] This total excludes "insider" claims filed by Excelsior Investment Company ($611,566.90) and Farmington Center, Inc. ($111,445).

Page 3 -    DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
             REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

scheduled and filed claims is attached as Exhibit 1.

An illustration of distributions of sale proceeds based on different sale scenarios is shown on Exhibit 2.

The Plan is summarized in more detail in Section V below, and a complete copy of the Plan accompanies this Disclosure Statement.

### D.      Source of Information

The information contained in this Disclosure Statement has not been independently investigated by the Court.  Certain information has been obtained from the court filings of the Debtor and information provided by Creditors.

### E.      Representations

None of the financial information contained in this Disclosure Statement has been subjected to an audit by an independent certified public accountant.  Moreover, because certain of information was obtained from the Debtor, the Bank is unable to verify or represent that all of the information contained in this Disclosure Statement is accurate.  However, great effort has been made by the Bank to ensure that the information is fairly presented and accurate to the extent possible under the circumstances.

### F.      Voting

As the Holder of a Claim against the Estate, your vote is important.  The Court may confirm the Plan if it has been accepted by at least two-thirds in amount and more than one-half in number of the timely received votes from Holders of Allowed Claims in each voting Class.  In the event the requisite acceptances are not obtained, the Debtor will request the Court to confirm the Plan, and the Plan may nevertheless be confirmed if the Court finds that it accords fair and equitable treatment to the Class or Classes rejecting it.

The Bank believes that confirmation of the Plan is in the best interests of the Holders of Claims.  The Bank urges you to accept the Plan and promptly return your completed ballot so

Page 4 -    DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
            REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

your vote will be counted.  Only those Holders of Claims who have timely filed ballots will be counted.  In order to have your ballot tabulated for purposes of acceptance or rejection of the Plan, ballots of acceptance or rejection must be received at the address indicated on the ballots no later than **_____, 2011**.

## II.

## BACKGROUND AND EVENTS LEADING TO BANKRUPTCY

### A.     Background

The Debtor was formed in August 2004 as a limited liability company.  Currently, it has a number of members.  The Debtor operates a continuing care retirement facility located at 805 No. 5th St., Jacksonville, OR 97530.

The Debtor is managed by Farmington Centers, Inc., which was formed in 1989 to manage the assisted living and retirement facilities owned by various partnerships in which the principals of Farmington were the general partners, such as the Debtor.  Jeff Chamberlain is a 60% owner of stock in Farmington and he is also a 50% owner of Excelsior Development Company, LLC, the holder of a 10.97% preferred ownership interest and a 20.94% non-preferred ownership interest in the Debtor.  Ted Chamberlain, the brother of Jeff Chamberlain, holds the other 50% interest Excelsior Development Company, LLC.

### B.     Events Leading to Chapter 11 Filing

The Debtor constructed the Facility in 2005 and 2006.  From construction to the present date, the Debtor and its manager, Farmington, have never been able to achieve stabilized occupancy.  Prior to the bankruptcy case, the Bank's note matured, the Debtor failed to pay off the note. Consequently, PremierWest commenced a non-judicial foreclosure of it trust deed in early March 2010, and later an action against in the Jackson County Circuit Court, State of Oregon for appointment of a receiver.

On PremierWest's motion, the Jackson County Circuit Court issued an Order to Show

Page 5 -   DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
           REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Cause why a Receiver should not be appointed for the Facility for the purpose of operating and managing the Facility. No Receiver was appointed, due to the commencement of this bankruptcy case on May 14, 2010.

### III.

### CHAPTER 11 EVENTS

The Debtor's Chapter 11 case was filed on May 14, 2010. It is pending before the Honorable Frank R. Alley, III, United States Bankruptcy Judge.

By order of the Bankruptcy Court, Jordan Schrader Ramis, PC was authorized to act as bankruptcy counsel for the Debtor. On or about June 10, 2010, the United States Trustee appointed the Office of the Long-Term Care Ombudsman for the State of Oregon as Patient Care Ombudsman. A statutory committee of unsecured creditors has been appointed in the Debtor's Chapter 11 case.

The deadline for all non-governmental creditors to file proofs of claim against the Debtor's estate is October 5, 2010.

On June 4, 2010, the Bankruptcy Court entered an interim order authorizing the Debtor's use of cash collateral and granted PremierWest adequate protection in connection therewith. On July 12, 2010, the Bankruptcy Court entered a final order authorizing the Debtor's use of cash collateral.

On September 17, 2010, the Debtor filed its initial plan of reorganization and disclosure statement with the Bankruptcy Court. On October 12, 2010, the Debtor filed a first amended plan of reorganization and first amended disclosure statement

On November 24, 2010, the Bank filed its Creditor's Plan of Reorganization and accompanying disclosure statement.

Page 6 -   DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
            REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

## IV.

## ASSETS AND LIABILITIES

The Assets and liabilities of the Debtor on the Petition Date are set forth in the Debtor's schedules in bankruptcy.

**A.    Liabilities**

    1.    <u>Administrative Expense Claims</u>

The Bank anticipates that Debtor's legal counsel, Jordan Schrader Ramis, PC, will be owed approximately $22,000 as of the Effective Date.

    2.    <u>Priority Claims</u>

Except for Administrative Expense Claims, which are described above, the Bank believes that the only unpaid Priority Claims are Resident Deposit Priority Claims of approximately $26,000 in the aggregate.

    3.    <u>General Unsecured Claims</u>

Based on the Debtor's Schedules and the claims register of claims filed in the case, the Bank estimates that the total amount of Allowed Unsecured Claims will be approximately $1.4 million.

    4.    <u>Secured Claims</u>

Jackson County is owed real property taxes of approximately $451,000 which are a senior lien on the Property.  PremierWest, the holder of the first deed of trust, is owed approximately $13,900,000. The Hein Trust, the holder the second deed of trust, is owed approximately $355,000.

**B.    Assets**

    1.    <u>The Property</u>

The Debtor's principal asset is the Property.

Page 7 -    DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
             REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

      2.      <u>Claim Against Farmington</u>

The Debtor may have a claim against Farmington for use of resident deposits in a manner inconsistent with the terms on which such deposits were delivered or for use other than the Debtor's business. The Bank intends to investigate such claims prior to the Confirmation Date by means of discovery conducted under Bankruptcy Rule 2004. The Liquidating Trustee would prosecute any claims against Farmington for the benefit of the Liquidating Trust.

## V.

## SUMMARY OF PLAN

### A.    Transfer of Assets

The Plan will be executed by the transfer and assignment on the Effective Date, pursuant to sections 363 and 365 of the Bankruptcy Code, of the Assets (including the Property) to the Liquidating Trust. The Confirmation Order will provide for the transfer of the Assets to the Liquidating Trust on the Effective Date.

### B.    Summary of the Trust Agreement; Responsibilities, Rights and Powers of the Liquidating Trustee

      1.      <u>Liquidating Trustee</u>. Ken Eiler has been selected as the Liquidating Trustee.

      2.      <u>Responsibilities of Liquidating Trustee</u>. The Liquidating Trustee shall be responsible for liquidating any and all Assets transferred into the Liquidating Trust by the Debtor. This includes pursuing all Causes of Action and Avoidance Actions that the Liquidating Trustee believes is in the best interests of the beneficiaries of the Liquidating Trust. The Liquidating Trustee shall have the sole authority to file objections to Claims after the Effective Date. Unless otherwise ordered by the Court, the Liquidating Trustee shall litigate the merits of each Disputed Claim until determined by a Final Order. However, any objection to a Claim may be settled by the Liquidating Trustee with Court approval. Until a Disputed Claim becomes an Allowed Claim, no payment or Distributions shall be made in respect to such Disputed Claim.

Page 8 -    **DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF REORGANIZATION**

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

The Liquidating Trustee may retain professionals, including attorneys, to assist in the performance of the duties under the Liquidating Trust Agreement.

3. <u>Beneficiaries</u>. The beneficiaries of the Liquidating Trust shall be all Unsecured Creditors with Allowed Claims.

4. <u>Term of Trust</u>. Pursuant to the Liquidating Trust Agreement, the term of the Liquidating Trust is for a period of two years but may be extended for such period as the Liquidating Trustee determines is necessary to accomplish the purposes of the Liquidating Trust; <u>provided</u>, <u>however</u>, that any extension or extensions that individually or in the aggregate would extend the term of the Liquidating Trust out more than two years from its original termination date, shall require the approval of the Court or other court of competent jurisdiction.

5. <u>Distributions by the Liquidating Trustee</u>. As set forth more fully in the Liquidating Trust Agreement, the Liquidating Trustee shall make the Distributions from time to time as the Liquidating Trustee, in the Liquidating Trustee's discretion, determines that after either payment of or reservation for the Liquidating Trust's expenses, there are sufficient aggregate proceeds available for Distribution to the beneficiaries.

6. <u>Bond</u>. The Liquidating Trustee shall be required to post a bond in an amount equal to 125% of the Cash held by the Liquidating Trustee, or in such other amount as the Court may require, after request of any party in interest and opportunity for a hearing. The cost of the bond shall be an expense of the Liquidating Trust, payable from the Liquidating Trust.

7. <u>Compensation of Liquidating Trustee</u>. The compensation for the Liquidating Trustee shall be based on an hourly rate of $250 per hour.

8. <u>Winding Up of the Debtor</u>. Following the Effective Date, the Liquidating Trustee will be solely authorized to take any necessary action at the appropriate time, file appropriate tax returns for the Debtor, file the final report, file certificates of dissolution for the Debtor, maintain and preserve the Debtor's rights under various insurance policies and Causes of

Page 9 -    DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
            REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Action and Avoidence Actions, and otherwise to dissolve the Debtor and wind up its affairs under applicable law.  Notwithstanding the foregoing, however, if such actions are not taken on behalf of the Debtor, upon the distribution of all Assets of the Estate to the Liquidating Trust as provided in this Plan and the completion of all other necessary actions, the Debtor will be deemed dissolved and its business operations withdrawn for all purposes without the necessity of filing any document, taking any further action, or making any payment to any governmental authority in connection therewith.

9. <u>Liquidation of Assets</u>.  From and after the Effective Date and the transfer of the Assets to the Liquidating Trust, the Liquidating Trustee shall be authorized without further approval of the Court, to use, sell at public or private sale, assign, transfer, abandon, or otherwise dispose of any Asset and liquidate and convert the same to Cash, investigate, sue upon, mediate, arbitrate, and/or compromise and settle Causes of Action and Avoidance Actions, reconcile and allow or dispute Claims, make Distributions, and otherwise fully consummate the Plan, and perform the Liquidating Trustee's obligations under the Liquidating Trust Agreement.  Notwithstanding the foregoing, the Liquidating Trustee may seek any order of the Court or other court of competent jurisdiction to effect any provision of this Plan or the Confirmation Order.

10. <u>Accounts</u>.  The Liquidating Trustee may establish one or more interest-bearing accounts for the Liquidating Trust, and may transfer property of the Liquidating Trust into or out of such accounts, as necessary or desirable to effectuate the provisions of this Plan, all in accordance with the Liquidating Trust Agreement.

11. <u>Closing of the Bankruptcy Case</u>.  When all Disputed Claims filed against the Debtor have become Allowed Claims or have been disallowed by Final Order, or at such earlier time as the Liquidating Trustee deems appropriate, the Liquidating Trustee will seek authority from the Court to close the Debtor's bankruptcy case in accordance with the Bankruptcy Code and the Bankruptcy Rules.  Notwithstanding the foregoing, the Court may

Page 10 -    DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
              REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

retain jurisdiction over any adversary proceedings initiated prior to the closing of the Debtor's bankruptcy case.

12. <u>Funds for Distribution</u>.  All funds necessary to make any Distribution called for under this Plan will be held by the Liquidating Trustee, in accordance with the Liquidating Trust Agreement.

13. <u>Preservation of Causes of Action and Avoidance Actions</u>.  All Causes of Action and Avoidance Actions are preserved and reserved for later adjudication in accordance with this Plan and the Liquidating Trust Agreement, and therefore no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches will apply to those claims or causes of action on or after the Confirmation Date or the Effective Date of this Plan. The failure to specifically list or otherwise identify a Cause of Action or Avoidance Action in this Plan or the Disclosure Statement: (i) is not intended to effect, and to the extent permitted by law will not be deemed to effect, a release or waiver of such Cause of Action or Avoidance Action; and (ii) is not intended to impair, and to the extent permitted by law will not impair, the Liquidating Trustee's right to pursue such a Cause of Action or Avoidance Action.

C. **Executory Contracts and Unexpired Leases**

Except as otherwise provided in the Plan or in the Confirmation Order, effective as of the Effective Date, all executory contracts and unexpired leases of the Debtor (excluding only those executory contracts and unexpired leases that are assumed pursuant to Court order entered prior to the Confirmation Date and those that are the subject of separate motions to assume filed by the Debtor prior the Confirmation Date) will be deemed to be automatically rejected as of the Confirmation Date.

Claims for damages arising by reason of the rejection of executory contracts and unexpired leases will be classified and treated as Class 4 Claims; <u>provided</u>, <u>however</u>, that any

Page 11 -  DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
              REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

such Claim will be deemed disallowed, barred forever and not enforceable against the Debtor or the property of the Estate unless a proof of claim is filed with the Court and served on the Plan Agent within 30 days after the Confirmation Date (except that if a different date for filing proof of any particular such Claim has been fixed by a Court order entered prior to the Confirmation Date, then by the date so fixed in such Court order).

### D.    Retention of Bankruptcy Court Jurisdiction

Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Court shall retain jurisdiction of all matters arising out of and relating to the Debtor's chapter 11 case and the Plan.

## VI.

## RISKS OF THE PLAN

There are certain risk factors which could materialize and seriously jeopardize the projected distributions under the Plan.  These risk factors include the following:  the amounts of Administrative Expense Claims, Priority Claims, lease and executory contract rejection Claims, and Unsecured Claims, may exceed estimates.  In addition, the Property may sell for less than the amount of the Release Price set under the Plan, though in such event, PremierWest will still be obligated to pay the sum of $150,000 for the benefit of Class 4 Unsecured Claims.

## VII.

## BEST INTERESTS OF CREDITORS

To be confirmed, the Bank's Plan must satisfy the "best interests" test under Section 1129(a)(7) of the Bankruptcy Code which requires that with respect to holders of impaired claims such claims will receive under the plan not less than the amount such holder would receive if the debtor were liquidated under chapter 7 of the Bankruptcy Code.  Due to the carve-out and sharing provisions of the Bank's Plan which allocate value and proceeds to Unsecured Creditors which would otherwise be payable to the Bank on account of the Bank's Allowed Secured Claim, the Bank's Plan meets the requirements of Section 1129(a)(7) of the Bankruptcy Code.

Page 12 -   DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
             REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

# VIII.

## ALTERNATIVES TO THE PLAN

If the Court does not confirm the Plan, alternatives available include confirmation of the Debtor's alternative plan, dismissal of the case, or conversion of the chapter 11 case to a case under chapter 7 of the Code.

If the case is dismissed, Creditors may assert and enforce their Claims against the Debtor by any method allowed by law.

If the Debtor is liquidated under chapter 7, a trustee would be appointed to supervise the liquidation of the remaining Assets of the Estate for the benefit of Creditors.

Due to the absence of any agreement for a carve-out in a chapter 7, the funds realized from a chapter 7 liquidation would not be greater than under the PremierWest Plan.

# IX.

## CONFIRMATION OF THE PLAN

### A.    Voting Procedures

A ballot for voting for acceptance or rejection of the Plan is enclosed. Holders of Claims should read the instructions contained on the ballot, and complete, date and sign the ballot. The completed ballot must be received at the address indicated thereon not later than **_____, 2011**. Failure to vote or a rejection of the Plan will not affect the Creditor's Claim if the Plan is ultimately confirmed. For the purpose of determining acceptance by a class of Claims, the Code provides that if Creditors holding at least two-thirds in amount and more than one-half in number of the allowed Claims voting in such class accept the Plan, the class is deemed to have accepted the Plan.

### B.    Hearing on Confirmation

A hearing on confirmation of the Plan has been set for _____2011 at **___ a.m./p.m.** before the Honorable Frank R. Alley, United States Bankruptcy Judge, Courtroom No. 6, United

**Page 13 -** DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

States Bankruptcy Court for the District of Oregon, 405 E. Eighth Avenue, Eugene, Oregon. The Court may confirm the Plan at the hearing only if the necessary requirements of section 1129 of the Code are satisfied. Included in these requirements are the best interests of creditors test and fair and equitable test described below.

Objections to confirmation of the Plan must be in writing and must be filed with the Clerk of the Court and served on counsel for the Bank before _____, 2010. Counsel for the Bank is David Criswell, Ball Janik LLP, 1100 One Main Place, 101 SW Main Street, Portland, Oregon 97204.

### C. Fair and Equitable Test

The Code provides that if all impaired classes have not accepted the Plan, the Court may, upon request of the Plan proponent, confirm the Plan provided that the Plan is fair and equitable and otherwise satisfies the requirements of section 1129(b) of the Code. The Debtor will seek confirmation of the Plan even if it is not accepted by all impaired classes.

### D. Effect of Confirmation of the Plan

All property of the Estate shall be free and clear of all Claims and interests of Creditors and Equity Interest Holders, except as otherwise provided in the Plan. The provisions of the Plan shall bind the Debtor and all other parties in interest, including any Creditor or Equity Interest Holder of the Debtor, whether or not such Creditor or Equity Interest Holder is impaired under the Plan or whether or not such Creditor or Equity Interest Holder has accepted the Plan.

## X.

## RECOMMENDATION AND CONCLUSION

The Bank believes acceptance of the Plan is in the best interests of Creditors and Equity Interest Holders and recommends that Creditors vote to accept the Plan. The Bank urges all

Page 14 -   DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
            REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Creditors and Equity Interest Holders to read this Disclosure Statement and the Plan carefully and, upon making a decision, that each Creditor vote by using the enclosed ballot.

DATED this 24th day of November, 2010.

>BALL JANIK LLP
>
>By: /s/ David W. Criswell
>    **David W. Criswell, OSB No. 925930**
>    dcriswell@balljanik.com
>    101 SW Main Street, Suite 1100
>    Portland, OR  97204
>
>Attorneys for PremierWest Bank

Page 15 -  DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF
           REORGANIZATION

::ODMA\PCDOCS\PORTLAND\736031\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

| Claim No. | Name | Add1 | Add2 | Add3 | Unsecured | Secured | Priority | Unknown | Total |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Qwest Corporation | Attn: Jane Frey | 1801 California St #900 | Denver, CO 80202-2658 | $58.60 | | | | $58.60 |
| 2 | Jackson County Finance Dept. | Payment Center | PO Box 1569 | Medford, OR 97501 | | $290,938.82 | | | $290,938.82 |
| 3 | H.C. Winsor & Nina Winsor Trustees | c/o P Scott McCleery | POB 11230 | Eugene OR 97440-3430 | $140,456.25 | | | | $140,456.25 |
| 4 | Dr Paul Brown & Maria Brown | Gartland Nelson et al c/o Jennifer I Palmquist | 1211 SW 5th Ave #2330 | Portland OR 97204-3729 | $144,693.13 | | | | $144,693.13 |
| 5 | Irene Kartsounis | PO Box 504 | Medford, OR 97501 | | $61,182.00 | | | | $61,182.00 |
| 6 | William C Grosjean | c/o Robert Case | 555 City View Blvd | Springfield OR 97477-3854 | $75,214.00 | | $2,600.00 | | $77,814.00 |
| 7 | PremierWest Bank | c/o Ball Janik LLP Attn Brad T Summers | 101 SW Main St #1100 | Portland OR 97204 | | $13,549,490.43 | | | $13,549,490.43 |
| 8 | Hein Revocable Living Trust 8/31/1998 | Raymond R. Hein, Trustee | 1102 Sunset Ave | Medford OR 97501-2248 | | $344,475.00 | | | $344,475.00 |
| 9 | Richard Mcleod | c/o Todd Maddox Brophy, Mills, et al. | PO Box 128 | Medford, OR 97501 | $25,000.00 | | | | $25,000.00 |
| 10 | Janice LaMoree | 895 N 5th St #110 | Jacksonville, OR 97530 | | $183,316.00 | | $2,600.00 | | $185,916.00 |
| 11 | ODR Bkcy | 955 Center St NE | Salem OR 97301-2555 | | | | $40.65 | | $40.65 |
| Sch E | Ann Geich | 888 Twin Creeks Crossing | #301 | Central Point, OR 97502 | $1,150.00 | | $2,600.00 | | $3,750.00 |
| Sch E | Dorthy Quirk | 895 N 5th | Apt 204 | Jacksonville, OR 97530 | $58,582.00 | | $2,600.00 | | $61,182.00 |
| Sch E | LeClaire Prince | 895 N 5th | Apt 111 | Jacksonville, OR 97530 | $37,527.00 | | $2,600.00 | | $40,127.00 |
| Sch E | Monta Merryweather | c/o David Schwep | 631 China Gulf Rd | Jacksonville, OR 97530 | $137,856.00 | | $2,600.00 | | $140,456.00 |
| Sch E | Peggy Eccles | c/o Miranda Willis | PO Box 3168 | Portland, OR 97208 | $137,856.00 | | $2,600.00 | | $140,456.00 |
| Sch E | Peter Van Dyke | 888 Twin Peaks Crossing | #301 | Central Point, OR 97502 | $1,150.00 | | $2,600.00 | | $3,750.00 |
| Sch E | Rod & Shirley Law | c/o Shelby Tompkins | PO Box 489 | Jacksonville, OR 97530 | $1,150.00 | | $2,600.00 | | $3,750.00 |
| Sch E | Susan Casto | 888 Twin Creeks Crossing | | Central Point, OR 97502 | $137,856.00 | | $2,600.00 | | $140,456.00 |
| Sch F | ADMINISTRATORS NW | 9205 SW Nimbus Avenue | Beaverton, OR 97008 | | $54.00 | | | | $54.00 |
| Sch F | Catherine Murphy | 895 N Fifth St | Apt 217 | Jacksonville, OR 97530 | $93,654.00 | | | | $93,654.00 |
| Sch F | DJ Testing | 3000 Market Street NE | Ste 214 | Salem, OR 97301 | $35.00 | | | | $35.00 |
| Sch F | Excelsior Investment Company | 107 W First St | Phoenix, OR 97535 | | $611,566.90 | | | | $611,566.90 |
| Sch F | Farmington Center, Inc. | 4640 SW Macadam Ave | Ste 90 | Portland, OR 97239 | $111,445.75 | | | | $111,445.75 |
| Sch F | Grainger | Dept. 875902389 | P.O. Box 41927 | Kansas City, MO 64141 | $48.87 | | | | $48.87 |
| Sch F | HD Supply Facilities Maintenance, Ltd. | P.O. Box 509058 | San Diego, CA 92150-9058 | | $14.79 | | | | $14.79 |
| Sch F | Hiram Cheney | 805 N 5th St | Apt 104 | Jacksonville, OR 97530 | $77,814.00 | | | | $77,814.00 |
| Sch F | Industrial Source | 3100 N. Pacific Hwy | Medford, OR 97501 | | $24.90 | | | | $24.90 |
| Sch F | Insight | P.O. Box 731069 | Dallas, TX 75373-1069 | | $29.14 | | | | $29.14 |
| Sch F | Jerry Pearce | 895 N Fifth St | Apt 219 | Jacksonville, OR 97530 | $61,182.00 | | | | $61,182.00 |
| Sch F | Maintenance USA | P.O. Box 404295 | Atlanta, GA 30384-4295 | | $11.67 | | | | $11.67 |
| Sch F | Rose Davis | 805 N 5th St | Apt 202 | Jacksonville, OR 97530 | $7,500.00 | | | | $7,500.00 |
| Sch F | Seniors for Living | 30 East 39th Street | 4th Floor | New York, NY 10016 | $40.00 | | | | $40.00 |
| Sch F | Shusster Purchasing Solutions, LLC | P.O. Box 131784 | Saint Paul, MN 55113 | | $360.00 | | | | $360.00 |
| Sch F | Staples Business Advantage | Dept LA | PO Box 83689 | Chicago, IL 60696-3689 | $12.69 | | | | $12.69 |
| | **TOTAL** | | | | **$2,106,840.69** | **$14,184,904.25** | **$26,040.65** | **$0.00** | **$16,317,785.59** |

**EXHIBIT 1**
**Page 1 of 1**

## Exhibit 2

### Sale Scenario #1

| | |
|---|---:|
| Purchase price | $13,500,000 |
| Jackson County property taxes | (451,154) |
| Closing costs | (20,000) |
| Liquidating Trustee | (35,000) |
| PremierWest release price | (12,450,000) |
| General Unsecured Creditors (60% net) | (326,308) |
| PremierWest (40% net) | (217,538) |
| | $ 0 |

## Sale Scenario #2

| | |
|---|---:|
| Purchase price | $14,000,000 |
| Jackson County property taxes | (451,154) |
| Closing Costs | (20,000) |
| Liquidating Trustee | (35,000) |
| PremierWest release price | (12,450,000) |
| General Unsecured Creditors (60% net) | (626,308) |
| Bank (40% net) | (417,538) |
| Hein | (0) |
| General Unsecured Creditors | (0) |
| | $    0 |

**Sale Scenario #3**

(No Sale Within Six Months of Plan Confirmation/Bank Purchase of Property By Credit Bid)

$150,000 Guaranteed Payment for benefit of General Unsecured Creditors

# CERTIFICATE OF SERVICE

I hereby certify that I served copies of the foregoing **DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF REORGANIZATION** on the following parties via **CM/ECF**:

- DOUGLAS P CUSHING    doug.cushing@jordanschrader.com, deborah.soloway@jordanschrader.com;Litparalegal@jordanschrader.com

- JENNIFER L PALMQUIST    jpalmquist@nwlawfirm.com

- MATTHEW SUTTON    msutt@uci.net

- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

- CAROLYN G WADE    carolyn.g.wade@doj.state.or.us

- C CASEY WHITE    ckcwhite@msn.com

and by **mailing** a full, true and correct copy in a sealed first-class postage prepaid envelope, addressed to the parties listed below, and deposited with the United States Postal Service at Portland, Oregon on the date set forth below:

>Susan Casto
>888 Twin Creeks Crossing
>Central Point, OR 97502
>
>Peggy P. Eccles Revocable Living Trust
>c/o Melvin D. Ferguson
>541 Walnut Ave
>Klamath Falls, OR 97601
>
>Irene Kartsounis
>c/o Matthew Sutton Attorney
>205 Crater Lake Avenue
>Medford, OR 97504
>
>Janice LaMoree
>895 N 5th Street #B110
>Jacksonville, OR 97530
>
>Henry C. Winsor
>1601 Veranda Park Dr #2
>Medford, OR 97504

DATED:  November 24, 2010

/s/ Stuart Wylen
Stuart Wylen, Legal Secretary