UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 10-62852-fra11 |
| PIONEER VILLAGE INVESTMENTS, LLC, ) | |
| ) | MEMORANDUM OPINION[1] |
| Debtor. ) | |

Pioneer Village Investments, LLC, seeks leave of the Court to sell a portion of its real property in Jackson County, Oregon, free and clear of the liens of creditors, specifically the trust deed of creditor Premier West Bank. Premier West has objected on several grounds. I find that the motion for leave to sell the described property must be denied.

## I.  BACKGROUND

The debtor-in-possession operates a facility in the city of Jacksonville, Oregon, providing for "independent living' facilities for elderly residents, assisted living for residents who are less able to care for themselves, and other facilities designed to accommodate the needs of elderly residents. A portion of the facility is dedicated to eleven independent-living "cottages." The debtor-in-possession seeks to sell the independent living cottages to Vintage Hotels, Inc., for a gross sale price of $1,880,000. In its motion the debtor-in-possession states that it "believes that a total of $400,000 need not be paid as secured claims

// // //

---

[1]   This decision is not intended for publication.

Page 1 – MEMORANDUM OPINION

(because the lien is invalid, avoidable, etc., the lien holder consents to less than full payment, or part or all of the underlying debt is not allowable).[2]

Premier West Bank has a claim for $13,549,490.43 plus post-petition interest, secured by a deed of trust against all of the debtor-in-possession's real property. The deed of trust describes four separate parcels, but neither the deed of trust nor the debtor-in-possession's motion compare the property to be sold, which is described by street address, and the four parcels described in the trust deed, which are described in metes and bounds.

It appears from the motion that the debtor-in-possession's intention is to sell the described portion of its property, retain approximately $160,000 of the net proceeds, and pay the balance to the county for property taxes, and then to Premier West. It is suggested, although there is no evidence on this point, that the remaining property is sufficient to secure the balance of Premier West's loan.

Premier West objects on several grounds, including:

(1) The sale is a component of a sub-rosa reorganization, which should be accomplished through the plan and confirmation procedures set out in Chapter 11 of the Code;

(2) The sale does not qualify under § 363(f)(5);

(3) The sale violates local zoning restrictions.

## II. DISCUSSION

A. *The proposed sale does not qualify under Code § 363(f)(5).*

Code § 363(f) provides that a debtor-in-possession may sell property free and clear of "any interest" in the property of any entity other than the estate, only if:

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interests;

(2) such entity consents;

// // //

---

[2] Apart from the dollar figures, the quoted language from the motion is part of the boilerplate included in the Court's form notice of intent to sell real estate, Local Bankruptcy Form 760.5.

Page 2 – MEMORANDUM OPINION

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in *bona fide* dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The motion before me states that the debtor-in-possession relies on subsection (5), implicitly conceding that the first four subsections are not applicable. Subsection (5) has been construed by the Bankruptcy Appellate Panel for the Ninth Circuit as referring to a "legal and equitable proceeding in which the non-debtor could be compelled to take less than the value of the claim secured by the interest." Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 42 (9th Cir. BAP 2008).

In Clear Channel the BAP stated that

> The question is thus whether there is an available type or form of legal or equitable proceeding in which a court could compel Clear Channel to release its lien for payment of an amount that was less than full value of Clear Channel's claim. Neither the trustee nor [the creditor] has directed us to any such proceeding under non-bankruptcy law, and the bankruptcy court made no such finding.

Clear Channel, at 45-46.

The debtor-in-possession does not point to any proceeding recognized under Oregon law that would permit a court to compel Premier West Bank to suffer the sale of a portion of its collateral in return for a portion of the purchase price obtained by the sale, and I am not aware of any. It follows that I cannot find, on the record before me, that Code § 363(f) has been satisfied.

B. *Zoning restrictions*

Declarations in support of Premier West's objection establish that the subject property is subject to a covenant granted to the City of Jacksonville that separate parcels of the planned unit development approved for the property will not be sold until appropriate covenants, conditions, and restrictions are promulgated and recorded. This has not been done, and it follows that the proposed sale would constitute an unlawful violation of local zoning ordinances. Debtors-in-possession are subject to such restrictions, and the Court cannot authorize their violation. See, 28 U.S.C. § 959; In re St. Mary Hosp., 86 B.R. 393, 398 (Bankr. E.D. Pa. 1988).

Page 3 – MEMORANDUM OPINION

III. CONCLUSION

Given the foregoing findings, I need not determine whether the sale should be denied because it supplants the confirmation process. See e.g., In re Braniff Airways, Inc., 700 F.2d 935 (5th Cir. 1983). However, it should be noted that there are now before the Court plans submitted by both the debtor-in-possession and Premier West Bank. The issues raised by the debtor-in-possession's attempt at a partial liquidation to raise funds necessary to pay administrative expenses should be determined in the context of confirmation of a plan, rather than piecemeal sale of assets.

The foregoing constitutes my findings of fact and conclusions of law. A separate order has been entered denying the motion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge